### Wm. A. Prentiss vs. Joseph Sinclair.

¹ Where one of the partners retires from a firm, to discharge him from subsequent transactions, *actual* knowledge of the dissolution must be carried home to the creditor with whom there was a previous deal.

*Dictum.* But a publication in the Gazette of the place where the business of the partnership was transacted, is a sufficient notice of the dissolution to all persons who had no previous connexion.

This was an action on book in which a judgement to account was rendered, and an auditor appointed, who made a special report of the facts as they appear in the decision of the Judge who delivered the opinion of the Court. Upon this report the County Court rendered a judgement in favor of the plaintiff for the sum of $150, 91, to which opinion an exception was taken by the defendant on the ground that no sufficient legal notice was ever given to him of the dissolution of the partnership.

*Defdt's Counsel* contended, that notice in the Gazette of dissolution is not sufficient as to a person dealing with the

partnership previous to dissolution. And without notice the partnership would not be discharged. He cited 1 Phil.

Ev. 306; Comy. Cont. 504; 3 Kent. Com. 38 & 9; 2 Stark. R. 290; Peak. N, P. C. 42-154; 1 Camp. 403.

PADDOCK, J.—This case presents the single question, *what shall be deemed notice to an individual of the dissolution of a copartnership*, with whom such individual had been in the habit of dealing, so that property delivered to the partner going out of the concern, shall not be recovered for, against those remaining in.

The auditor in this case has reported, that previous to the first day of March 1827, the plaintiff *Wm. A. Prentiss, & Thomas M. Taylor* were partners in trade, under the firm of *Taylor & Prentiss*; that on that day, they dissolved their partnership and the business was assumed by Taylor, who carried it on in his own name until April, 1827, when he sold out the stock of goods and establishment to Prentiss; that Prentiss transacted the same kind of business until the 10th of April, 1829, when he again took Taylor into the concern as a partner; that this defendant Sinclair had a deal with the firm previous to the dissolution in 1827, and continued the same with Taylor afterwards, and subsequently with Prentiss up to the 10th of April 1829, and now brings in his account which accrued during the whole period, in offset against that which he made with Prentiss while alone. The auditor further reports, that upon the dissolution of the partnership in March 1827, public notices were posted up in the store & in the public house, (which we understand was in the neighborhood,) which the defendant saw, and was otherwise informed that the partnership was determined.

This is a question which has often been agitated in other courts, and is perhaps as well settled as any other point of law; Where individuals unite their interests and transact their business in the name of a firm, and procure credits upon the joint responsibility of all the partners, when one retires, it is reasonable that the public should have notice of it; and the dissolution published in the Gazette of the place where they transacted their business, has been considered reasonable notice to all who have not had a previ-

ous deal with the firm. *Lansing* vs. *Pain & Ten. Eyck*, 2 John. 304; Watson, 384. But it is necessary to carry home the knowledge of the dissolution to those with whom the firm have previously dealt, and in the case cited by counsel from Peakes N. P. *Gorham et al* vs. *Thompson et al*, Lord Kenyon held, "that to discharge the partner retiring from the partnership, there must be a public notice in the Gazette, or at least the dissolution must be notorious to the public, and actual knowledge of it carried home to the creditor." 1 *Esp.* 371; 1 *Swift. Dig.* 349; and there is no reason why the same rule should not be adopted here, as in England and our neighboring States; any thing short of actual notice would always leave so much doubt and uncertainty upon the minds of those of whom a credit is asked, as to give a check to commercial intercourse, and would also open a door to much fraud. But in this case, there can be no doubt that the defendant had actual notice. If the defendant saw the notice of the dissolution which was posted up, one must infer that he read it; and in addition to such notice, and information given him by others to the same import, in January, 1828, he drew an order, not on the firm, but on the plaintiff, for the delivery of goods; and it is a circumstance not be lost sight of, that upon the dissolution, the company sign was taken down, and the plaintiff's placed over the door; this to a cautious man, would at least put him on the enquiry; we are all of opinion that the notice to the defendant was sufficient, and the judgement of the County Court must bo affirmed.

Judgement affirmed.

*Adams*, for plaintiff.
*Porter*, for defendant,