Ewing & Gaines *vs.* Trippe *et al.*

Where a note is given in the name of a firm by one of the members, after dissolution, to one who extends credit to the firm and who has had no notice of such dissolution, and where no notice of any kind has been given, such note binds the firm, notwithstanding the dissolution.

(*a* ) The notice which a creditor must have is actual. The world would be bound by such notice as a publication in a public gazette.

(*b.*) The retirement of a dormant partner must be made known to all who had knowledge of his connection with the firm.

(*c.*) The verdict was demanded by the evidence, and the grant of a new trial was error.

December 2, 1884.

Partnership.    Promissory Notes.    Notice.    Verdict. Before Judge FAIN.    Bartow Superior Court.    January Adjourned Term, 1884.

Reported in the decision.

JOHN W. AKIN, for plaintiffs in error.

M. R. STANSELL, for defendants.

BLANDFORD, Justice.

The plaintiffs in error brought their action against the defendants in error on a promissory note, dated January 26th, 1882, and due February 14th, 1882, for the sum of $280, payable to plaintiffs, which was signed in the firm name of W. M. Trippe & Co.    Trippe and Davis pleaded to this action that, in April, 1881, Trippe sold out his interest in the firm to Whitehead and Davis, the other two members of the firm, and that the partnership was thereby dissolved; that in June, 1881, Davis sold out to Whitehead and retired from the firm.    It was shown on the trial that no notice of the dissolution, either public or private, was given, nor did plaintiffs have any actual notice of the same ; that plaintiffs had never heard of the dis-

solution. The plaintiffs offered to prove that the consideration of the note was for goods sold the firm before its dissolution. This testimony was rejected by the court upon objection by defendants, but the plaintiffs filed no exceptions to this ruling by the court, and consequently, however erroneous the ruling, this court cannot consider it. With this testimony in, we think a verdict for the plaintiffs was inevitable.

The jury, under the facts, rendered a verdict for the plaintiffs. Defendants moved the court for a new trial, which was granted, and this is the error complained of. So that the only question is, did the evidence admitted compel the verdict? If so, the court erred in granting the new trial, and this depends upon the law as applicable to the facts of this case. The question is this: where a note is given in the firm name by a member of the firm, after dissolution, to one who extends credit to the firm, who has no notice of such dissolution, and where no notice of any kind of the dissolution was given, does it bind the members of the firm, notwithstanding the dissolution?

"The dissolution of a partnership by the retiring of an ostensible partner must be made known to creditors and to the world. By the retiring of a dormant partner, it must be made known to all who had knowledge of his connection with the firm." Code, §1895. The notice which a creditor has to have is actual. See 30 *Ga*, 691. The world would be bound by such notice as a publication in a public gazette The Code declares that the dissolution must be made known to the world. Why? Simply because when a partnership has once existed, the presumption is that it still exists until its dissolution is made known, and, until this is done, the public have the right to presume on its continued existence, and when a former member contracts a debt in its name, to allow a retired member to escape liability from its payment would be to allow the perpetration of a fraud. Where one person allows another to use his name in any business, he is estopped

from denying his authority, and until notice of a dissolution of a firm is given, the public, who has no such knowledge, may treat the firm as in existence, and a note given by one member of such firm is binding upon all the other members, notwithstanding such dissolution. If a partnership is dissolved, and one or more of the known members retires from the firm, until the dissolution is duly notified, the power of each to bind the rest remains in full force; as between the partners themselves, such dissolution is a revocation of the authority of each to act for the others. 1 Lindley on Part., 407; 1 Brock., 33; 28 Iowa, 533; 11 B. Mon , 118; 24 Vt., 278; 25 Grat., 322; 67 Ill., 106; 68 N. Y., 314; 8 Ind., 215; 69 Pa. St., 185; 6 Johns., 144; 16 B. Mon., 355; 28 Ala., 289.

Again, it is stated that, if a known partner retires, and no notice is given, he will be liable in respect to a promissory note made since his retirement by his late partner, even though the plaintiff had no dealings with the firm before the making of the note. 1 Lindley on Part., 407; 3 Esp., 248; 2 Stark., 290; 2 Chitty, 120; 2 C. & P., 104. It would seem from these authorities that the verdict of the jury was demanded by the evidence in this case. When this is the case, a new trial should not be granted.

Judgment reversed.