ASKEW *v.* SILMAN.

1. As to one who had been a customer of a partnership as a purchaser of its goods, but who had never been a creditor of the partnership, actual, personal notice of the dissolution of the partnership by the withdrawal of one of its members is not indispensable to the discharge of the retiring partner from liability upon a note for the loan of money executed in the firm name after the dissolution. A customer of this kind is entitled only to such notice as should be given to "the world" of the dissolution.

2. It is a question for the jury whether or not, under all the circumstances of a given case, the party making such a loan and taking such a note is chargeable with notice of the dissolution of the firm; and in determining this question they may take into con-

sideration the lapse of time occurring between the dissolution and
the making of the note, and all the evidence showing what infor-
mation was received by the lender, and illustrating his knowledge,
or want of knowledge, before the loan was made, as to the fact of
dissolution.

3. The publication in a newspaper of local items of news inserted by
the editor, and neither authorized nor signed by any member of
a firm, to the effect that one of the partners had withdrawn, is not
necessarily all that may be requisite to convey notice of dissolu-
tion, but should be given such weight as in the opinion of the jury
it is entitled to receive.

4. The fact of the circulation in the community of a general rumor
that one of the partners had retired is admissible in evidence, not
as being of itself sufficient to put any particular person on notice
of the dissolution of the firm, but as a circumstance proper to be
considered by the jury in connection with the other evidence bear-
ing on the question of notice.

5. If the retiring partner was not otherwise liable, the fact that the
money loaned to the other members of the firm, and for which
they gave a note in the firm name, was used in paying debts con-
tracted by the firm prior to his withdrawal, would not render him
so.

March 25, 1895.   Brought forward from the last term.   Code, §4271(a-c).

Action on note.   Before Judge STARK.   City court of
Jackson county.   March term, 1894.

W. I. PIKE, E. C. ARMSTEAD, G. C. THOMAS and J. J.
STRICKLAND, for plaintiff in error.   J. A. B. MAHAFFEY,
E. T. BROWN and ERWIN, COBB & WOOLLEY, *contra.*

SIMMONS, Chief Justice.

Mrs. Silman sued Askew and others, alleged to be
members of the firm of Austin & Co., upon a promissory
note signed in the firm name and dated June 17, 1890.
Askew pleaded not indebted; also, that he had not
signed the note nor authorized any person to do so for
him, and had never ratified the signing; and further,
that he was not a member of the firm when the note
was signed and was not bound by the contract, that the
firm was dissolved January 11, 1888, and had ceased to
do business from that date, which fact was known to the
plaintiff when the note was executed.   There was a

verdict for the plaintiff against all the defendants sued, and Askew made a motion for a new trial, which was overruled, and he excepted.

1. The main question at issue on the trial of the case was, whether there was such notice of the dissolution of the partnership as would relieve Askew from liability for the debt in question. It appeared from the evidence that the dissolution took place, as alleged in the plea, more than two years prior to the date of the note, and that the note was given by Austin, one of the copartners, without the knowledge or consent of Askew, for money borrowed by Austin in the name of the firm at the time the note was executed. Askew's withdrawal from the partnership was announced soon after the dissolution, in a newspaper published in the town in which the plaintiff resided and the firm conducted its business, the announcement appearing at different times, in the form of news items written by the editor of the paper. The plaintiff was a subscriber to the newspaper when these notices appeared, but testified that she did not see them and that she had no notice or knowledge of the dissolution at any time prior to the execution of the note, but supposed when she took the note that Askew was still a member of the firm. She had been a customer of the firm, as a purchaser of goods, during Askew's connection with it, but was not a creditor before the date of the note. The court, in certain instructions to the jury which are complained of by the plaintiff in error, charged them, in effect, that if the plaintiff was a "customer" of the firm, she would be entitled to actual notice of the dissolution. We think the court erred in so charging. In order to relieve an ostensible partner from liability for debts contracted in the partnership name subsequently to his withdrawal from the firm, the dissolution must be made known "to creditors and to the world" (Code, §1895), but it is not necessary that the notice

should be actual or personal except to creditors. Although it is often said in text-books and decisions that actual notice or knowledge of the dissolution must be brought home to former "customers" of the firm, this language has reference only to creditors. (See 2 Bates on Partnership, §613; 17 Am. & Eng. Enc. L. p. 1124.) A customer in the sense in which the term was used in this case,—that is to say, one whose dealings with the partnership have been confined to the purchase of its goods, is entitled only to such notice as should be given to "the world."

2–4. As to the notice which should be given to "the world," no inflexible rule can be laid down. Publication in a public gazette circulated in the locality in which the business of the partnership has been conducted, if such publication is fair and reasonable as to its terms and the number of times it is made, is usually sufficient notice to the world. *Ewing & Gaines* v. *Trippe,* 73 *Ga.* 776 ; Parsons on Partnership (4th ed.), §317 and notes. And see *Richards* v. *Butler & Carroll,* 65 *Ga.* 593 ; Ellison & Harvey v. Sexton, 105 N. C. 356 ; 11 S. E. Rep. 180. An editorial notice, not signed by any member of the firm, may be as effectual for this purpose as an advertisement purporting to issue by authority of the partners over their signature. Solomon v. Kirkwood, 55 Mich. 256 ; Young v. Tibbitts, 32 Wisc. 79. Whether this is so or not is generally a question for the jury, and the court in the present case erred in charging, as a matter of law, that such notice would not be sufficient. " It is not an absolute, inflexible rule that there must be a publication in a newspaper, to protect a retiring partner. Any means of fairly publishing the fact of such dissolution as widely as possible, in order to put the public on its guard,—as, by advertisement, public notice in the manner usual in the community, the withdrawal of the exterior indications of the partnership,—are proper

to be considered on the question of notice." Lovejoy *v.* Spafford, 93 U. S. 430. It should be left to the jury to say whether the retired partner made a reasonable and *bona fide* effort to acquaint the public with the fact of his retirement, and whether on the other hand the creditor, with the means and opportunity afforded him, knew or ought to have known of the fact. Even in the absence of any showing that notice of the dissolution was given, the fact that a considerable time elapsed between the dissolution and the contracting of the debt has been deemed sufficient to render the creditor chargeable with notice. Certainly this fact would go far to show that the debt was not or ought not to have been contracted on the credit of a former partner. Parsons on Partnership (4th ed.), §§317, 322. There is some question as to whether the jury may infer notice from general notoriety of the dissolution. (See 2 Bates on Partnership, §622, and cases cited.) We think, however, that the evidence excluded by the court below in this case, as to the general notoriety of Askew's withdrawal from the partnership, although such notoriety may not of itself have been sufficient to charge the plaintiff with notice of the fact, ought to have been allowed to go to the jury, to be considered by them for what it was worth, in connection with the other evidence bearing on the question of notice.

5. If the money for which the note was given was borrowed and the note given without Askew's knowledge or consent, and without subsequent ratification on his part, and if he was not liable on other grounds, the fact that the money was used in paying debts contracted by the firm prior to his withdrawal therefrom would not render him liable; and the court below erred in charging the jury as it did on this subject. *Judgment reversed.*

Where all the beneficiaries of a trust estate, consisting of both realty and personalty in the hands of a trustee residing in this State, are citizens of another State, it is within the power and jurisdiction of the superior court of the trustee's residence, exercising its equitable powers, upon the application of these beneficiaries, to render a decree authorizing them to apply to the proper court in the State of their residence for the appointment of a trustee to take charge of the trust estate for their benefit, and to provide that upon his appointment the Georgia trustee shall convert the real estate into cash and deliver the same, together with the personalty belonging to the trust estate, already in his hands, to the foreign trustee; the decree making proper provision for the giving of a valid and adequate bond by such foreign trustee in the State of his residence, and providing fully for the protection of the Georgia trustee as to his fees and commissions, and also for the protection of all creditors of the trust estate residing in Georgia. March 25, 1895.  Brought forward from the last term.  Code, §4271(a-c).