## PYRON & SON *v.* RUOHS.

1. On the trial of an issue of fact raised by a plea to the jurisdiction, the burden is upon the defendant to establish the averments of his plea.

2. A partnership may be sued in any county in which one of the partners has such a residence as will confer upon the courts of that county jurisdiction over his person, regardless of the place of his citizenship.

3. The grounds of the motion for a new trial on the plea to the jurisdiction, which are not specifically dealt with, show no error on the part of the trial judge requiring a reversal of the judgment refusing to grant a new trial.

4. In an action against an alleged partnership on promissory notes purporting to have been executed by the firm and reciting that they were given for an amount due the payee on goods furnished the maker, a special plea in abatement which averred that the partnership was dissolved prior to the execution of the notes, and that the plaintiff (the indorsee of the notes) had notice of the dissolution, but which did not aver that the payee had such notice, or that the note was not given for a partnership debt, was properly disallowed.

5. In an action upon unconditional promissory notes by the indorsee thereof, a plea which merely denied the allegations of each and all the paragraphs of the petition, and averred that the notes were without consideration, but which did not aver that the plaintiff had any notice of the lack of consideration, set up no meritorious defense to the suit, and was properly disallowed.

6. Where, in a promissory note, the obligation to pay was not limited or contingent, but was absolute and unequivocal, the character of the note as an unconditional contract in writing was not affected by a recital therein that it was given for an amount due by the makers for goods furnished by the payee, "which property is consigned to us under the express condition that the title to said property, or the proceeds thereof, is to remain in said payee, and not to pass to us until said aforesaid sum shall have been paid in full, in accordance with a contract between said payee and the maker of this note."

7. Regardless of the correctness of the point urged against the recital in the note describing the transaction between the makers and the payee as a "consignment," the petition was good as against the oral demurrer.

Argued July 14,— Decided August 12, 1904.

Complaint. Before Judge Reid. City court of Atlanta. November 14, 1903.

*Smith, Hammond & Smith,* for plaintiff in error.
*Rosser & Brandon,* contra.

CANDLER, J.   Ruohs brought suit against " J. B. Pyron and Ruohs Pyron, as partners doing business under the firm name of. J. B. Pyron & Son," upon eight promissory notes signed by J. B.

Pyron & Son, payable to the Armour Fertilizer Works, and transferred, without recourse, to Ruohs.　The petition alleged that J. B. Pyron was a resident of Fulton county, and that Ruohs Pyron resided in Bartow county; and the suit was brought in the city court of Atlanta.　The defendants filed a plea to the jurisdiction, averring that J. B. Pyron's residence was Bartow county, and not Fulton county, and that the superior court of Bartow county, and not the city court of Atlanta, had jurisdiction of the suit.　The petition was filed to the May term, 1902; and on October 15, 1903, the issue raised by the plea to the jurisdiction was submitted to a jury, who found against the plea.　The defendants moved for a new trial, which was denied.　Upon the rendition of the verdict in favor of the jurisdiction of the court, they tendered two pleas, one of which averred, that at the time the contract sued on was signed there was no such partnership as J. B. Pyron & Son, the partnership having terminated in November, 1900, and that this was known to the plaintiff, at whose instance the contract was signed by Ruohs Pyron, without the knowledge or consent of J. B. Pyron.　The other plea denied each of the paragraphs of the petition, and averred "that there was no consideration for the payment of the sum sued for."　The court refused to allow these pleas, and also overruled an oral motion made by the defendants to dismiss the petition on the ground that it set out no cause of action. Final judgment was then rendered in favor of the plaintiff for the full amount sued for, as in a suit upon an unconditional contract in writing to which no issuable defense had been filed on oath.　The defendants bring the case to this court, assigning error upon the refusal of the court below to grant a new trial on the plea to the jurisdiction, the refusal to allow the two pleas tendered, the overruling of the oral motion to dismiss the petition, and the rendition of final judgment for the plaintiff without the verdict of a jury.

1. The motion for a new trial on the plea to the jurisdiction complains that the court erred, at the commencement of the trial, in ruling that the burden was upon the defendants to establish by proof the averments of the plea, and that the plaintiff was not required to first establish the truth of the jurisdictional facts set up in his declaration.　Other grounds of the motion complain of charges or rulings which involve the same question raised by the

one under consideration; so that one ruling will suffice to dispose of all these grounds.     We do not hesitate to hold that the court properly ruled that the burden of establishing their plea was upon the defendants.     Ordinarily the onus probandi rests upon the party maintaining an affirmative position.     Civil Code, § 5160.     But there is one peculiarity in regard to pleas to the jurisdiction, viz., it is not sufficient that they deny the jurisdiction of the court in which the suit is filed, but this must be done by showing that jurisdiction of the suit is in some other court in this State.     Civil Code, § 5082.     Thus, a plea to the jurisdiction is really in an important sense an affirmative plea, for it is only by asserting an affirmative position that the plea can prevail. The case of *Oliver* v. *Wilson*, 29 *Ga.* 642, relied upon by counsel for the plaintiff in error, is not in conflict with what is here held. The case cited was an attachment issued on the ground that the defendant was absconding.     This allegation was traversed, the traverse setting out the place where it was alleged the defendant was publicly living at the time the attachment was issued.     It was held that "on the trial of such a traverse, the burthen of proof is on the plaintiff in attachment."     It must be apparent at a glance that this is an altogether different case from the one now under consideration.     The attachment could only issue on the ground that the defendant was absconding, and in order to maintain the suit it was necessary that it should affirmatively appear that the grounds on which the attachment issued were true. That the court, however, did not intend that the principle announced should have the application which the plaintiffs in error now seek to give it is evidenced by the following language of Judge Stephens, who delivered the opinion (p. 646): "So, the plea of non-residence in the county where the suit is brought must not only deny the defendant's residence in that county, but also set forth his residence in another county.     He must swear to the plea, and yet, after having sworn to it, he must take the burthen of proving it."     See also Bailey on Onus Probandi, p. 586, where it is said, citing Stephen on Pleading, 342, that "all dilatory pleas impose the burden of proof on the party pleading them, where they involve a question of fact."

2. The motion also complains that the court erred in charging the jury, in substance, that if the defendant J. B. Pyron was a

non-resident or a transient person, he could be sued in any county of this State in which he could be found and served. The objection urged to this charge is that it was unauthorized by the petition, which alleged unequivocally that J. B. Pyron was a resident of Fulton county, and that "this is a suit primarily against a partnership, which is an entity, and same is not maintainable except in a county wherein one of the partners actually resides." We do not think this point is well taken. A distinction is to be observed between citizenship and residence for the purpose of suit. "The question of suability and jurisdiction is not so much one of citizenship as of finding. If a citizen of one State is found, for the purposes of the lawful service of judicial process, in another, he may ordinarily be sued there." Railroad Co. v. Koontz, 104 U. S. 10, 11; *Williams* v. *Railroad Co.*, 90 *Ga.* 522. The allegation in the petition that J. B. Pyron was a resident of Fulton county could only have reference to residence for purposes of suit; for on no other account than to show the jurisdiction of the court was any allegation of residence necessary. Thus, even though J. B. Pyron was a citizen of another State, if he temporarily placed himself within the jurisdiction of the city court of Atlanta, it is entirely proper to describe him during that time as a "resident" of the locality over which that jurisdiction extends. Any residence sufficient to give jurisdiction is "actual residence" for the purpose of suit; and as that is the only purpose with which the present discussion is concerned, we can not agree with counsel for the plaintiffs in error in the nice distinction sought to be drawn between "actual residence" and residence necessary to confer jurisdiction. This being true, it follows that a partnership may be sued in any county where one of the partners has such a residence as will give the courts of that county jurisdiction; and hence there was no error in the charge of which complaint was made.

3. The foregoing disposes of the only important questions raised by the motion for new trial on the plea to the jurisdiction. Complaint is made that the court erred in refusing to comply with certain written requests to charge the jury; but without going into detail as to these assignments of error, it is sufficient to say that none of them show good cause for the grant of a new trial. It is also urged that the court erred in charging that the

plaintiff alleged that "for the purpose of this suit" J. B. Pyron resided in Fulton county, whereas the petition alleged unequivocally that he resided in that county. From what was said in the preceding division of this opinion, it will be seen that this ground of the motion is wholly without merit. There was no error in the charge of the court to the effect that the jury, in determining what was the residence of J. B. Pyron, should not consider any undisclosed intention on his part as to selecting a place for his home. The evidence amply warranted the verdict in favor of the jurisdiction of the court, and there was no error in overruling the motion for a new trial.

4. In the order disallowing the pleas offered by the defendants at the conclusion of the trial on the plea to the jurisdiction, the court made it clear that his judgment was based, not upon the idea that the pleas were not timely, but on the ground that they constituted no sufficient defense to the action. We will consider first the plea of nul tiel partnership, and afterwards the plea to the merits. The suit, as has been stated, was on several notes, copies of which were set out. The notes were payable to the Armour Fertilizer Works, and recited that the consideration for which they were given was a consignment of fertilizers which had been shipped to the makers by the payee. They were signed "J. B. Pyron & Son." The plea denying the partnership averred merely that "at the time of the date of the contract sued on, no such partnership existed as J. B. Pyron & Son, said partnership having terminated in November, 1900, which fact was known to the plaintiff, at whose instance the contract sued on was signed by Ruohs Pyron, and without the knowledge or consent of J. B. Pyron." Nowhere does it appear that the payee of the notes had any notice of the dissolution of the partnership, which it was admitted had, prior to November, 1900, been in existence, nor was it averred that the fertilizers for which the notes were given were shipped after the firm dissolved. Clearly, if credit was extended to the firm by the Armour Fertilizer Works, a note given by the firm after its dissolution, for the payment of the amount due, would, in the absence of notice of the dissolution, bind the partners. *Ennis* v. *Williams*, 30 *Ga.* 691; *Ransom* v. *Loyless*, 49 *Ga.* 471; *Ewing* v. *Trippe*, 73 *Ga.* 776. And the protection thus afforded the Armour Fertilizer Works would extend in like

manner to its indorsee, the plaintiff in this case, even though he took with notice of the dissolution. Civil Code, § 3938. We do not hesitate to hold, therefore, that the plea denying the existence of the partnership at the time of the execution of the contract sued on was lacking in sufficient averments to constitute a defense to the action, and was properly disallowed.

5. As will be shown more fully hereafter, the suit was upon an unconditional contract in writing. The plea to the merits, offered by the defendants, contained two paragraphs, the first one of which was as follows: "The allegations contained in paragraphs one (1), two (2), three (3), and four (4) of plaintiff's petition are each and all denied." It has been repeatedly ruled by this court that such an answer, in a suit upon an unconditional contract in writing, is no more than a plea of the general issue, and as such should be dismissed on demurrer. *Woods* v. *Roberts*, 97 *Ga.* 254; *Johnson* v. *Cobb*, 100 *Ga.* 139; *Lester* v. *McIntosh*, 101 *Ga.* 675. The remaining paragraph of the answer was "that there was no consideration for the payment of the sum sued for." It will be borne in mind that this suit is not by the payee, but by an endorsee of the notes. The plea does not aver that he took the notes with notice of any equities in the makers, or that he was aware of any defect in the consideration. Presumably he was a bona fide holder for value and without notice, and consequently such a defense as against him would not avail.

6. Each of the notes sued on recited that it was given for an amount due the Armour Fertilizer Works upon a consignment of fertilizers, "which property is consigned to us under the express condition that the title to said property, or the proceeds thereof, is to remain in said payee, and not to pass to us until said aforesaid sum shall have been paid in full, in accordance with a contract between said payee and maker of this note." The obligation to pay the face of the note when due was unconditional and unequivocal, and did not depend upon any collateral writing. The reservation of title to the fertilizers does depend upon reference to a collateral instrument, but the present suit is not concerned with the title to the fertilizers,— merely with the promise to pay, which was unconditional. We are clear that the court below was correct in treating the instrument sued on as an unconditional contract in writing. See *Howard* v. *Simpkins*, 70 *Ga.* 322; *Craig* v. *Herring*, 80 *Ga.* 709.

7. The oral demurrer to the petition, to the overruling of which the defendants except, appears to rest mainly, if not entirely, upon the fact that the notes sued on recite that the property in question was "consigned" to the defendants. In view of what has been said in the last preceding division of this opinion, it is obvious that the demurrer was without merit. The promise to pay was unconditional, regardless of the title to the goods. In any event, the petition was good as against an oral demurrer.

*Judgment affirmed. All the Justices concur.*