### PROTECTION OF A RETIRING PARTNER.

Circuit Court of Cuyahoga County.

EMILY SCHNEIDER, EXECUTRIX OF THE WILL OF W. F. SCHNEIDER, DECEASED, V. GUSTAVE STERN ET AL.

Decided, November 24, 1905.

*Partnership—No Notice of Dissolution Necessary, When.*

When a partnership name does not disclose the names of the individuals who constitute the firm, no general notice of dissolution is necessary to protect a retiring partner from the claim of one who becomes a creditor after the dissolution and who had no knowledge that the retiring partner had been a member of the firm.

*W. C. Rogers,* for plaintiff in error.
*P. G. Kassulker* and *W. C. Rogers,* contra.

MARVIN, J. (orally); WINCH, J., and HENRY, J., concur.

For some time prior to the month of August, 1897, there was a co-partnership doing business in this city, the members of which were John Lindy, J. G. Waite and W. F. Schneider, the latter being now deceased and being the testator under whose will the plaintiff in error is acting. The firm name of this co-partnership was "Cleveland Book Bindery." A proper certificate of the name of the members of this co-partnership was filed with the clerk of the court of common pleas on the 9th day of April, 1895. No change in said certificate has been made, nor has any certificate been filed with such clerk showing any change in the personnel of said firm.

In August, 1897, said W. F. Schneider retired from said firm and was never thereafter a member of it, but the remaining partners continued in the business under the same firm name, or possibly under the name of "Cleveland Book Bindery Co." While said W. F. Schneider was a member of said co-partnership, Gustave Stern was never a dealer with said firm.

On the 12th day of January, 1896, there was executed a promissory note, reading.

"CLEVELAND, OHIO, Jan. 12, 1898.
"$74.00.

"Ninety days after date we promise to pay to the order of Consolidated Paper Co. seventy-four dollars.

"At 198 Seneca St.                    Value received.
"CLEVELAND BOOK BINDERY CO.,
"JOHN LIND, Mgr."

Said note is endorsed: "John Lindy. Consolidated Paper Co. by F. C. Kauffman."

This note, by due course of business and before maturity, became the property of the said Gustave Stern.

On the 29th day of March, 1898, there was executed and delivered to the said Gustave Stern a promissory note reading:

"CLEVELAND, OHIO, March 29, 1898.
"$75.00.

"Thirty days after date we promise to pay to the order of Gustave Stern seventy-five dollars, at 198 Seneca St. Value received.

"CLEVELAND BOOK BINDERY,
"JOHN LIND, Mgr."

On this note the following words are endorsed: "Consolidated Paper Co. John Lindy."

Neither of these notes being paid and both being the property of said Gustave Stern at maturity, the said Stern brought suit upon them, first before a justice of the peace, and an appeal was then taken to the court of common pleas from the judgment of said justice, and thereupon said Stern filed his petition in said court upon said notes, making defendants in said suit John Lindy, J. G. Waite and W. F. Schneider, partners as

"Cleveland Book Bindery" and "Consolidated Paper Co." While the case was pending in the court of common pleas said W. F. Schneider died, and the action was revived against the present plaintiff in error, as executrix of the will of said decedent. The first trial of the case resulted in a verdict and judgment for plaintiff, and, on motion, such judgment was set aside and a new trial granted. The second trial resulted as the first had done, in a verdict and judgment against the defendants. The plaintiff in error filed a motion for new trial, which was overruled, and she comes into this court by proper proceedings in error, seeking to reverse said judgment.

A defense made for Schneider was that he was not a member of the firm when either of the notes sued upon was executed. This fact was established beyond controversy. But it is urged by plaintiff below that this did not relieve him from liability upon these obligations, unless he had given proper notice of his withdrawal. This notice it was claimed Schneider had given, and the real question, so far as this matter of notice is involved, is as to what notice he was bound to give to relieve himself from liability to Stern.

If Stern had been a customer of the firm when Schneider was a member of it. and if, after his retirement, the remaining partners continued to do business under the same firm name, then Stern would have been entitled to actual notice of the change, unless in some other way the knowledge had come to him of the retirement of Schneider. Perhaps it is not profitable to discuss the question of whether the business, in this case, was continued under the old name, because it seemed to be concluded on the hearing that it was, although, as has already been pointed out, the first of the two notes sued upon was not signed by the name shown in the certificate of partnership, the latter being "Cleveland Book Bindery," while the name signed to the note is "Cleveland Book Bindery Co." The other note, however, is signed by the name shown in the partnership certificate.

The court in its charge to the jury said, on the question of notice:

"I say to you, gentlemen of the jury, as matter of law, that the plaintiff was not such a dealer, within the contemplation of the law, with the partnership as would entitle them to actual notice."

It has already been said, as a fact, in this opinion, that Stern was not a dealer with the firm while Schneider was a member of it. Attention was not called to the evidence on that point, but an examination of the evidence clearly shows that the court was right in saying to the jury what has been quoted from the charge on that point.

The court immediately followed what has been quoted with these words:

"But the plaintiff claims that even though he had had no dealings previous to these notes, he was entitled to general notice, and in this respect I say to you that under the circumstances the plaintiff would be entitled to notice, but not to actual notice; fair notice in a public or notorious manner is sufficient, * * * and it is for you to say whether the defendant Schneider gave fair notice of his withdrawal from the partnership. If he did, then he would not be liable. If he failed to exercise reasonable diligence by adopting a fair and usual method to give such general notice, one that would be reasonably likely to give general public notice, then he can not escape liability even though he had withdrawn from the partnership prior to the time of the giving of these notes."

We hold that this language in the charge, given as it is without any qualification as to whether Stern had ever known that Schneider was a partner in the firm, was erroneous. If there had been added the qualification that this general notice must be given to relieve from liability to one who had known of Schneider's being a partner in the firm, it would have been a correct statement of the law.

In *Meacham's Law of Partnership*, at paragraph 263, it is said:

"Of the persons who have not had dealings with the firm there are likewise two classes, those who knew of the partnership but had not dealt with it, and those who did not know of it prior to its dissolution. As to the latter class, it is said that no notice at

all is necessary, upon the ground that, as they did not learn of the existence of the partnership until it had actually been dissolved, they could have no reason for holding it liable; and this is doubtless correct where no element of estoppel is involved.''

It must be borne in mind that there was nothing in the name of this firm indicating who were partners in it, so there was no holding out by the firm name that any particular person was a partner.

Instructive notes on this question of notice are found on pages 290, 291 and 292 of 26 American Decisions, being notes on the case of *Prentiss* v. *Sinclair*. The following quotations are from these notes:

''A person who did not know of the existence of a partnership can not, after it has been dissolved, say that he relied on its continuing to exist, or that he was induced by that unknown existence to give credit.

''There seems to be a distinction made in the case of new customers, between those who had actual knowledge of the existence of a partnership and of its membership, and those who had no such information; to protect the former the general notice by advertisement appears especially to apply, while as to the latter the giving of any notice would seem to be unnecessary.''

A great number of errors are claimed by the plaintiff in error. Each has been carefully considered, but none of them seem sufficient to justify a reversal of the judgment, except the language of the charge hereinbefore criticized.

For error in the charge as pointed out, the judgment is reversed and the case remanded.