### BUSH & HATTAWAY *et al. v.* McCARTY COMPANY.

1. The dissolution of a partnership by the retiring of an ostensible partner must be made known to creditors and to the world.

2. The word "creditors," as thus employed in the statute (Civil Code, § 2634), is not limited to persons who were creditors at the time of the dissolution.   A person who had previously sold goods and given credit to the firm during its continuance was within its meaning.

3. Actual notice must be given to creditors.

4. As to the notice which must be given to the world, no inflexible rule can be laid down.   Fair and reasonable publication in a public gazette circulated in the locality in which the business of the partnership has been conducted is generally sufficient; and any means of fairly publishing the fact of such dissolution as widely as possible, in order to put the public on its guard, are proper to be considered on the question of such notice.

5. General reputation of the dissolution in a community where a person sought to be charged with notice resides, or in the business community

to which the parties belong, is admissible as tending to show notice. Such general reputation or notoriety is not itself notice, but is admissible for the consideration of the jury in determining whether there was notice.

6. A witness can not state his mere conclusion that others than himself knew a fact.

7. The evidence offered with the view of showing notice to the plaintiff in this case was not sufficient for that purpose, and was properly excluded. Some of it failed to measure up to the requirements of admissibility under the rules stated in the preceding notes, and some was secondary in character.

8. Parol evidence of a letter written by one person to another, and what was printed on the stationery used, was properly excluded, in the absence of any foundation being laid therefor.

Submitted June 6, 1906.—Decided January 16, 1907.

Complaint. Before Judge Faircloth. City court of Wrightsville. September 28, 1905.

The W. A. McCarty Company brought suit against Bush & Hattaway on a promissory note. The only contest was as to whether G. W. Bush was liable as a member of the firm. He contended that he had been a member, but that in December, 1902, before the note sued on was given, he gave his interest to his son, C. O. Bush, and retired from the partnership, and that the plaintiff had notice of that fact. The plaintiff contended, that it had sold one or two bills of goods to the firm of Bush & Hattaway before the alleged dissolution; that it had no notice of any such dissolution, and sold goods at a later date, relying on the credit of G. W. Bush; that Bush referred the president of the plaintiff to Hattaway, when asked to sign a note, saying that the latter looked after the store interest; and that Hattaway gave the note sued on. The sales claimed to have been made before the dissolution appear to have been about a year previous thereto. The jury found for the plaintiff, and the defendants moved for a new trial. The motion was overruled, and they excepted.

B. B. Blount and E. L. Stephens, for plaintiffs in error.

J. L. Kent, contra.

LUMPKIN, J. (After stating the foregoing facts.)

The Civil Code, § 2634, declares that "The dissolution of a partnership by the retiring of an ostensible partner must be made known to the creditors and to the world." It is not in terms stated what character of notice must be given, or who fall within

the designation of "creditors," and who within that of "the world." This section is a codification of the general law, and not of a legislative enactment, and in construing it, decisions of other courts as well as our own may be looked to. There is a difference between the kind of notice required to be given to creditors and to the world. To the former actual notice must be given. *Ennis* v. *Williams,* 30 *Ga.* 691; *Ewing* v. *Trippe,* 73 *Ga.* 777. "As to the notice which should be given to 'the world,' no inflexible rule can be laid down. Publication in a public gazette circulated in the locality in which the business of the partnership has been conducted, if such publication is fair and reasonable as to its terms and the number of times it is made, is usually sufficient notice to the world." *Askew* v. *Silman,* 95 *Ga.* 681. "It is not an absolute, inflexible rule that there must be a publication in a newspaper, to protect a retiring partner. Any means of fairly publishing the fact of such dissolution as widely as possible, in order to put the public on its guard,—as, by advertisement, public notice in the manner usual in the community, the withdrawal of the exterior indications of the partnership,—are proper to be considered on the question of notice." Lovejoy *v.* Spafford, 93 U. S. 430.

The difference between the notice required to be given to creditors and that which must be given to the world at large being thus established, the next inquiry is, who fall within the class designated as "creditors," as contradistinguished from "the world?" It is of course clear that one to whom the firm is indebted at the time of dissolution is a creditor. *Camp* v. *Southern Banking & Trust Co.,* 97 *Ga.* 582. But the word "creditors," as used in the section of the code, is not confined to this narrow meaning. In order to reach a proper construction of the rule requiring notice of the dissolution of a firm to be given so as to relieve a retiring ostensible partner, the reason of the rule may be considered. The reason generally assigned in the text-books and reports is that persons who have dealt with the firm, as by selling to them or crediting them, are presumed to know who composed such firm, and to rely upon the credit of each and all of them; and that having ascertained the existence of the partnership, and having trusted it, they may act upon this knowledge until they have been informed that the partnership no longer exists; while those who have never dealt with the firm are not presumed to know who compose it, and are

not entitled to the same notice as the former class. See Prentiss *v.* Sinclair, 5 Vt. 149, 26 Am. Dec. 288, 290, and note. Where our code employs the word "creditors," text-writers and courts very often use the expression "former dealers," or "former customers," or "former creditors." But an examination of the cases will show the same underlying principle in them. 2 Bates on Partnership, § 613; Parsons on Partnership (4th ed.), § 319. Therefore it has been held that one whose only dealing with a firm has been as a purchaser of its goods, and who has never sold to or been a creditor of the partnership, is not such a former customer as falls within the rule. *Askew* v. *Silman, 95 Ga.* 678, supra. Without undertaking to give an exhaustive definition of the word "creditors," as used in the code, one who has formerly sold goods to the firm and extended credit to it would fall within the designation, although at the time of the dissolution no indebtedness existed.

What then will suffice as actual notice? In Austin *v.* Holland, 69 N. Y. 571, 575, it is said: "Publication of notice of the dissolution of a partnership in a newspaper, at the place where the business is carried on, is not sufficient to relieve a retiring partner from liability for subsequent transactions in the firm name with one having dealings with the firm prior to the dissolution; in such case notice must be brought home to the dealer, or it must appear that facts came to his knowledge sufficient to advise him, or to give him reason to believe that a dissolution has taken place." The mailing of a notice of dissolution, properly stamped and directed to the party sought to be charged with such notice, does not necessarily suffice to relieve the retiring partner; it raises a presumption of notice, but one which may be repelled by proof that the notice was not in fact received. (And see Kenney *v.* Eltvater, 77 Penn. St. 34.) On page 575 of the 69 N. Y. it is said: "If, in any way, by actual notice served, or by seeing the publication of the dissolution, or by information derived from third persons, the party, at the time of the dealing, is made aware of the fact that the partnership has been dissolved, the contract will not bind the firm. It is sufficient to exempt the firm from liability that the person so contracting with a partner in the firm name knew or had reason to believe that the partnership had been dissolved, but this must appear and be found by the jury, or else the contract will be treated as the contract of the partnership." Actual knowledge includes

actual notice, but the latter may arise from knowledge of facts which charges a person with notice. Civil Code, § 3933; *Johnson v. Dooly, 72 Ga.* 297; Zollar v. Janvrin, 47 N. H. 324; Smith v. Vanderburg, 46 Ill. 34; Schlater v. Winpenny, 75 Penn. St. 321; Young v. Tibbetts, 32 Wis. 79. The usual method of giving notice of the dissolution of a firm is by circular letters addressed to those with whom the firm has dealt. Reily v. Smith, 16 La. Ann. 31. But, as already seen, this is not conclusive evidence that such notice was received. Austin v. Holland, 69 N. Y. 571, supra.

There was no controversy that G. W. Bush was originally a member of the firm of Bush & Hattaway, and that the plaintiff had previously dealt with them, selling them goods and falling within the designation of a creditor, as that word is used in the code. Defendants contend that G. W. Bush retired from the firm, and that C. O. Bush took his place; and evidence was offered that stationery was printed having the heading "C. O. Bush & Hattaway" as the name of the firm. This mere evidence of printing of stationery, without more, was not sufficient evidence of notice to the plaintiff; nor was the fact that a circular was sent out generally advertising a reduction in the price of garments and signed in the same manner. It did not appear, by proper evidence, that a copy of the circular or any of the stationery was mailed to the plaintiff or sent to any place from which it might be inferred that he saw it. Evidence was also offered to the effect that a sign was placed on all the roads leading to the defendant's place of business, advertising certain shoes, and signed "C. O. Bush & Hattaway." It was proved, however, that the plaintiff's place of business was twenty-one miles distant from that of the defendants, and in a different town; and it was not shown that any of the plaintiff's agents or officers ever went to the place of business of the defendants or passed along any of the roads where the signs were placed.

A witness was offered to testify that the public generally knew that G. W. Bush gave his interest in the store to his son, C. O. Bush, in December, 1902. This was properly excluded. It was not an attempt to show that the fact referred to was generally known and talked about, or was a matter of common reputation. While the rule is often broadly stated that evidence of notoriety in the community is admissible as having some probative value on the subject of notice to a member of such community; and while

one definition of notoriety is the quality of being generally known, yet it also has the meaning of being generally known and talked about. It is here used rather as the equivalent of reputation, and probably the more accurate expression would be that evidence of reputation was admissible. Professor Wigmore says that the ground on which this class of evidence is admissible is the probability that "when a matter is so much talked of in a community that a reputation arises about it, a member of that community, in his ordinary intercourse with others, will hear it mentioned, i. e. by express communication; and the question is whether the probability is that there would be such a general discussion and whether the person is likely to have learned of that discussion." 1 Wigmore, Ev. § 245(3), 254. Doctor Wharton thus expresses the rule: "To prove cognizance of a particular fact, it has been held admissible, under circumstances to be hereafter noticed, to show that such fact was at the time generally known and talked about in the neighborhood where the party in question resided, or was a matter of common reputation in the business community to which both parties belonged." 1 Whar. Ev. (3d ed.) § 252. It would be going very far to allow a witness to state broadly that a thing was known to another or others than himself, or generally, without showing the facts. Knowledge is a condition of the mind; and it is carrying the doctrine too far to allow a witness to merely give the state of mind of others, without more. The existence of a reputation may be shown; or the quality of an occurrence itself may sometimes be sufficient to admit the fact in evidence. It is on this last-named theory that former accidents to a machine, claimed to have been defective within the knowledge of the owner or user of it, have been let in. 1 Wigmore, Ev. § 255; 1 Gr. Ev. (16th ed.) § 14. Besides, if the evidence offered were treated as the equivalent of evidence of general report or common reputation, it was not shown to have been at the place where the plaintiff did business or its agents were located. Evidence of reputation furnishes no proof of the dissolution. It is admitted solely on the question of notice. Reputation or notoriety in the community is not itself notice. But it may be considered by the jury, with the other evidence, in determining whether an inference of notice to the person sought to be charged with it should be drawn. The

weight to be given to such evidence must depend much upon the surrounding facts of the case. *Kuglar* v. *Garner,* 74 *Ga.* 765; *Askew* v. *Silman,* 95 *Ga.* 678(4), supra.

That after the time of an alleged change in the firm a policy of insurance was written in the name of C. O. Bush & Hattaway was irrelevant as against a person not shown to have had any knowledge or notice thereof.

Parol evidence that one of the defendants wrote to the plaintiff a letter on stationery bearing the name of C. O. Bush & Hattaway, and used an envelope on which was printed the same name, and that the letter was never returned, was properly rejected, no foundation being laid for introducing secondary evidence, and the want of testimony as to the stamping and mailing preventing the raising even of an inference of the receipt of the latter by the plaintiff, so as to charge it with notice.

The evidence on some of the material issues in the case, especially on the subject of whether the plaintiff had actual notice of the dissolution of the firm, being conflicting, and the jury having found for the plaintiff, there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*