# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# MARCH TERM, 1908.

---

JAMES L. BATSON *v.* THOMPSON LAND & LUMBER COMPANY.

PARTNERSHIP. *Dissolution. Notice. Deed conveying plant. Record of same.*

> The record of a deed conveying the property employed by a partnership in its sawmill business is not conclusive evidence of notice of dissolution to one who, intending to sell to the partnership, afterwards sold logs to the partner who acted as its manager until dissolution and afterward as manager of the purchaser.

FROM the circuit court of, second district, Perry county.

HON. WILLIAM H. COOK, Judge.

Batson, appellant, was the plaintiff in the court below, and Thompson and another, partners doing business under the partnership name, Thompson Land & Lumber Company, appellees, were defendants there. From a judgment in defendants' favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court.

Batson, plaintiff, sued the defendants before a justice of the peace to recover $98 for logs alleged to have been sold and delivered by him to the defendants, and from a judgment in his

favor the defendants appealed to the circuit court. The opinion of the court states the facts.

*Currie & Currie,* for appellant.

It was error in the court below to grant the peremptory instruction to the jury asked by appellees, since the question whether the appellant, Batson, made a sale to appellees, instead of to the corporation, Magnolia Milling Company, was a controverted issue of fact. Whether or not Batson had any knowledge of the transfer of the mill-plant, when he made his sale and delivery of the logs, was also a controverted fact for the jury to determine.

As to the law involved here, it is evident that Batson must be held to be, with regard to the alleged transfer of the plant by the partnership, a subsequent creditor without notice of the transfer. *Polk* v. *Oliver,* 56 Miss., 566.

The only important question of law remaining, then, is: whether the anterior deed of the partnership, conveying its realty and personalty, and duly recorded before Batson's sale and delivery of the logs, is, by virtue of such record, sufficient notice, to this subsequent creditor, such as will relieve the members of the partnership from personal liability to him. For obvious reasons it is not sufficient notice. The ownership of property of the character conveyed by the deed is not essential to the continued existence of a partnership. In fact, the ownership of property of any description is not an essential prerequisite to the existence of a partnership. Otherwise, every person doing business with a partnership would be required, at the peril of loss of his goods, to first examine the county records of conveyances, to ascertain what property, if any, such partnership owned, before dealing with it.

Our statute law, providing for constructive notice by record of deeds and other instruments, prescribes a rule with reference to the *title* of the property conveyed, and affects only the condition of title of the particular property conveyed by such instru-

ment and the person dealing with such property. It was never intended that the statute law should mean anything further than this. The notice of dissolution of a partnership, contemplated by the law requiring such notice, is a publication in some newspaper in the county of the domicile of the partnership, or a posting of notice of the dissolution in three public places in the county for a specified period of time. No such notice was shown in this case. *Polk* v. *Oliver, supra; Stone* v. *Alcorn,* 62 Miss., 288; *McLemore* v. *Rankin,* 68 Miss., 196, 8 South., 845; *Prentiss* v. *Sinclair,* 5 Vt., 149.

Although Batson, the appellant, dealt only with Thompson, one of the two members comprising the partnership, yet, Bowen, the other member of the partnership, is also liable for the debt incurred. *McLemore* v. *Rankin,* 68 Miss., 196, 8 South., 845.

*Paul B. Johnson,* for appellees.

The peremptory instruction in favor of appellees was correctly given, for, by reason of the conveyance of the plant of the partnership, made and recorded some time before the date of appellant's alleged sale, appellant had notice, when he made the alleged sale, that the appellees were out of the lumber business. The deed of conveyance of the mill-plant by the partnership to one, Strong, made in February, 1905, and the subsequent deed in the same month of Strong to a corporation, Magnolia Milling Company, having no interest in this suit, were both shown of record in the county wherein were the domicile of the partnership and location of the plant; and were of record some months before the date of appellant's alleged sale in August, 1905. Appellant was accordingly chargeable with constructive notice of the termination of the partnership. Batson himself testified that he did not make inquiry, when he delivered the logs, to ascertain who was the owner of the plant at that date.

If the appellant floated his logs to the saw-mill plant, and undertook to sell the logs to the management of the plant, with-

out learning or trying to learn to whom he was trying to sell,. he did so at his peril.   Whatever puts a party on inquiry amounts, in law, to notice, if the inquiry became a duty and would have led to the knowledge of the requisite facts by the exercise of ordinary diligence and understanding.   It was appellant's duty, when he left the logs with Thompson, to make inquiry as to the relationship of Thompson to the saw-mill plant.

CALHOON, J., delivered the opinion of the court.

The only question for determination in this case is whether or not there was error in the action of the court below in giving a peremptory instruction to the jury to find for the defendant in the court below.

The Thompson Land & Lumber Company was a partnership,. and not a corporation.   It had been conducting a sawmill business, but in February, 1905, sold its plant, certain lands, timber racks, and its personal property to a man by the name of Strong, who in March, 1905, conveyed all the same property to a corporation called the Magnolia Milling Company.   It seems that E. L. Thompson was the manager under the partnership, and continued to have such relation with the vendees of the plant. In August, 1905, Batson was the owner of some logs, which he testifies he sold to Thompson, without any knowledge of any transfer of interest, and thinking he was selling to the Thompson Land & Lumber Company.   The account not being paid at maturity, he sued the original partnership in the court of a justice of the peace, and recovered a personal judgment against E. L. Thompson.   Whether or not there was any sale in fact is controverted, and there is testimony on both sides.   Whether or not Batson had any knowledge of the transfer of the plant when he made the sale to Thompson, if he did make any sale,. is controverted.

In support of the proposition on the part of Thompson Land' & Lumber Company that there was notice to Batson of the conveyance of the plant, the deed of conveyance is produced, and

its proper record on the land books of the county shown. This, perhaps, was proper evidence as a circumstance in the case to show notice; but it is not of itself conclusive, as it must have been thought to be by the learned judge below. It is well settled that, on the dissolution of a partnership, the then existing creditors must have actual notice, and, as to subsequent creditors, there should at least be such publication as the courts would hold to be proper constructive notice. *Prentiss* v. *Sinclair*, 5 Vt., 149, 26 Am. Dec., 291; B. & A. Dig., 907; *Polk* v. *Oliver*, 56 Miss., 566.

We think, on the whole case, the facts should have been left to the jury for determination, and that the peremptory instruction against the plaintiff was error.

*Reversed and remanded.*

WHITFIELD, C. J., being ill, took no part in the decision of this cause.