### 6815.   SKEFFINGTON *v.* DANIEL.

WADE, C. J.   1. Under the ruling in *Bush* v. *McCarty Co.*, 127 *Ga.* 308 (56 S. E. 430, 9 Ann. Cas. 240), the word "creditors," as employed in the Civil Code, § 3163, is not limited to persons who were creditors of a partnership at the time of its dissolution, but a person who had previously sold goods and given credit to the firm during its continuance is within its meaning, and actual notice must be given to such a person as a creditor.

2. Where the evidence failed to show affirmatively that the plaintiff had ever been a creditor of the partnership prior to its dissolution, actual personal notice of such dissolution by the withdrawal of one of the members of the firm is not indispensable to the discharge of the retiring partner from liability on an account for goods purchased. "A customer of this kind is entitled only to such notice as should be given to 'the world' of the dissolution." *Askew* v. *Silman*, 95 *Ga.* 678 (22 S. E. 573).

3. Conceding that various circumstances in proof, coupled with the admission in the plea filed by the continuing partner, as to the existence of the debt to the plaintiff, were sufficient to show a delivery of the fruit for the value of which the suit was instituted, the evidence was insufficient to charge the retiring partner with liability. The court therefore erred in refusing a nonsuit when the motion therefor was made, and in directing a verdict in favor of the plaintiff.

*Judgment reversed.*

DECIDED JUNE 23, 1916.

Complaint; from city court of Savannah—Judge Davis Freeman. April 15, 1915.

*Anderson, Cann & Cann,* for plaintiff in error.

*George H. Richter,* contra.