16690. COOKE *v.* FAUCETT *et al.*

JENKINS, P. J. 1. "The existence of a copartnership when once established is presumed, as to third persons, to continue until notice of dissolution has been given." *Brady* v. *Phillips Mule Co.*, 27 *Ga. App.* 444 (3) (108 S. E. 809), and cases there cited. Accordingly, where the holder of a promissory note brought suit thereon against an alleged partnership as maker, and a named indorser, and a plea of no partnership was filed by one of the alleged partners, in which it was set up that at the time of the execution of the note there was in fact no such partnership, for the reason that the partnership had a short time before been dissolved, the plea was demurrable because of its failure to allege that notice of such dissolution had been given as required by law, or that both the original payee and the present holder of the note, at the time of the accrual of their respective rights in it, had actual knowledge of such dissolution;

Bills and Notes, 8 C. J. p. 522, n. 88; p. 762, n. 51; p. 915, n. 88 New; p. 929, n. 35.

Partnership, 30 Cyc. p. 419, n. 60; p. 584, n. 72 New.

Pleading, 31 Cyc. p. 351, n. 36 New.

14

and the court erred in overruling such demurrer to the plea of no partnership. See *Richards* v. *Butler*, 65 *Ga.* 593 (2); *Ewing* v. *Trippe*, 73 *Ga.* 776; *Askew* v. *Silman*, 95 *Ga.* 678 (1) (22 S. E. 573); *Pyron* v. *Ruohs*, 120 *Ga.* 1060 (4) (48 S. E. 434); *Burch* v. *Americus Grocery Co.*, 125 *Ga.* 153 (53 S. E. 1008); *Merchants & Farmers Bank* v. *Johnston*, 130 *Ga.* 661 (2) (61 S. E. 543, 17 L. R. A. (N. S.) 969, 14 Ann. Cas. 546); *Bank of Covington* v. *Cannon*, 133 *Ga.* 779 (67 S. E. 83); *Parker* v. *Southern Ruralist Co.*, 15 *Ga. App.* 334 (83 S. E. 158); *Skeffington* v. *Daniel*, 18 *Ga. App.* 262 (2) (89 S. E. 458); Civil Code (1910), §§ 3166, 3172.

2. One of the defenses which may be maintained against the suit of a bona fide holder upon a negotiable instrument is a plea of non est factum. But "if a partnership, under any circumstances, has the implied right and power to execute notes, one to whom they are offered in the market has a right to presume that they were issued under the circumstances which gave the requisite authority." 8 Corpus Juris, 522. It follows, that as against the rights of such a holder a plea of non est factum, filed either by the alleged partnership or by an alleged partner, would amount simply to a denial of the factum of the partnership's execution of the instrument, in the absence of any further allegation that both the original payee and the present holder of the instrument were charged with notice of the limitations in authority; and such plea would not, under the circumstances stated, be allowed to concern itself with particular restrictions of authority in the executing partner as between themselves. Accordingly, where the indorsee and holder of a promissory note brought suit thereon against an alleged partnership, as maker, and a named indorser, and a plea of non est factum was filed by one of the alleged partners, in which it was alleged that he had nothing to do with the execution of the note, that he had not given authority to any one so to bind him, and that the note was given to the original payee in settlement of a transaction which was purely personal with the member who executed it, the plea was demurrable because of its failure to deny the factum of the execution of the note in the partnership name by any other member of the firm, and because of its failure to allege that the plaintiff took the note with notice of the executing member's lack of authority and of its private dealing; and the court erred in overruling such demurrer to the plea of non est factum. See *Wingate* v. *Atlanta National Bank*, 95 *Ga.* 1 (4) (22 S. E. 37); *Griffin* v. *Colonial Bank*, 7 *Ga. App.* 126 (66 S. E. 382); *Davis* v. *Howell Cotton Co.*, 101 *Ga.* 128, 129 (28 S. E. 612); Civil Code (1910), § 4286.

3. The court having erred in the demurrers to the pleas of no partnership and of non est factum, the subsequent proceedings in the case were nugatory; and it follows that it was error to grant the nonsuit.

*Judgment reversed. Stephens and . Bell, JJ., concur.*

DECIDED MARCH 12, 1926.

Complaint; from city court of Thomasville—Judge MacIntyre. June 23, 1925.

*Eva Luke Hay,* for plaintiff.

*Titus & Dekle,* for defendants.