SCHWARTZ BROS. & CO. *v.* BEACHAM *et al.*

(Division B. April 14, 1930.)

[127 So. 689. No. 28583.]

**Henry Mounger** and **R. H. Dale,** both of Columbia, for appellant.

**Hall & Hall,** of Columbia, for appellees.

**Griffith, J.,** delivered the opinion of the court.

In 1924 a mercantile partnership, composed of E. B. Williams, Laura Williams, and appellee Mrs. J. J. Beacham, was organized, and entered upon business under the firm name Williams & Beacham. Among those with whom the firm established trade relations, and who became creditors of the firm for goods furnished from time to time at wholesale, was the appellant in this case. On September 16, 1926, appellee Mrs. Beacham sold, and by a formal bill of sale transferred, her entire interest in said firm to her co-partner, Mrs. Williams, which bill of sale was duly acknowledged and recorded in the public records of the county. No publication of the dissolution was made, nor was any written notice to the several creditors of the firm given. The two remaining partners continued to conduct the business at the same place, under the same apparent management, and under the same firm name, until January 31, 1927, when a fire occurred which damaged both the building and the stock to such an extent that the business had to be suspended. Out of the proceeds of the insurance, all creditors of the firm were paid in full. In April following, when the building had been restored and with an entirely new stock of goods, the business was resumed by E. B. and Laura Williams, under the same firm name and with the same business sign, Williams & Beacham, as had theretofore been used. Trade was resumed with appellant wholesale merchant, as before, and the business thus continued for about a year, during which time appellant sold the firm the goods for the price of which this suit is brought; the suit being against appellee Mrs. Beacham as well as against E. B. and Laura Williams. In the trial two or three witnesses testified to the fact that actual notice

had been given to appellant of the dissolution, but the witnesses for appellant denied any such actual notice. It was shown also that on February 13, 1928, appellant had accepted the unsecured notes of E. B. Williams, one of the partners, for an aggregate amount nearly sufficient to balance the account, but appellant denied that these notes were accepted or were intended in any way as a release or discharge of the other partners.

At the conclusion of the trial, a peremptory instruction was granted by the court in favor of Mrs. Beacham; and appellant assigning this as error relies upon the elemental principle of the law of partnership which has been succinctly stated as follows: "The members of a partnership after dissolution continue liable to those with whom they have previously dealt as partners and who have no notice or knowledge of the dissolution of the firm, and who in good faith continue to act in the belief that the firm is still in existence. Therefore to all those who have previously dealt with the firm direct notice of dissolution or retirement must be actually given, or the knowledge of these facts must be brought home to them. The question whether a particular person has received notice of the dissolution of a partnership is one for the jury to determine under proper instructions of the court." 20 R. C. L., pp. 964, 965. See also 47 C. J., pp 1035, 1036, 1136-1138; Batson v. Lbr. Co., 92 Miss. 199, 45 So. 985.

Appellee recognizes the rule as stated, but contends that when the business was suspended on the event of the fire, and all creditors were paid in full, and thereafter the resumption was with an entirely new stock, it was as if a new business, and the old had never existed. The just and salutary rule invoked by appellant must be allowed to have operation to the full extent of the grounds or reasons upon which it is founded, and those grounds were substantially present under the particular circumstances of this case, when this business was resumed, as is apparent by reference to the statement of the facts.

The issue of actual notice should have been submitted to the jury; and likewise the issue respecting the notes executed by the partner Williams. An accurate summary of the law dealing with the latter question will be found in 20 R. C. L., pp. 941, 942.

Reversed and remanded.