No. 23.—WILLIAM H. MILLER, plaintiff in error, *vs.* JOHN B. HINES, surviving partner, &c. defendant in error.

[1.] Under the Judiciary Act of 1799, the plea of *non est factum* goes to the *factum* only, of the execution of the instrument sued on.

[2.] '*Prima facie*, the execution of a bill or note, in the name of a firm by one partner, binds the whole. The burden, therefore, in such case, of proving a presumptive want of authority, lies upon the co-partners.

[3.] Where the paper of the firm is given out of the partnership business by one member, it is presumptive evidence of want of authority to bind the other members of the firm; and if the person taking it, knows of the fact at the time, he is chargeable with notice of want of authority.

[4.] Sometimes the face of the contract, showing the nature of the transaction is, of itself, intrinsically notice to the holder.

[5.] Although the authority of one partner to bind the firm, may not flow from the partnership itself, nor yet be inferred from the face of the contract, still, it may be established by facts and circumstances independently of either.

Attachment, in Bibb Superior Court.    Tried before Judge Powers, November Term, 1853.

This was an attachment, sued out by the plaintiff in error against John B. Hines, as the surviving partner of the firm of R. K. & John B. Hines, on the following receipt:

"Received of W. H. Miller, Clerk, twelve hundred dollars in cash, to be deposited in Marine and Fire Insurance Bank, in Macon, Ga.

November 16th, 1850.        R. K. & J. B. HINES ".

Among other pleas, the defendant pleaded specially, that the late firm of R. K. & J. B. Hines, was formed and conducted alone for the practice of law; and that the said money was received alone by R. K. Hines, as agent for the plaintiff, without any fee or compensation to said firm, and that from the nature of the transaction, plaintiff had notice that the firm was not liable upon said receipt.

On the trial, plaintiff read in evidence the receipt specified. Plaintiff then read in evidence, the record of a rule *nisi*, and subsequent proceedings thereon against the Sheriff of Houston county. The rule was drawn in favor of L. M. Wiley & Co. and other creditors calling upon the Sheriff to pay over money raised from the sale of T. & S. Williams' property. The rule *nisi* was in the hand-writing of John B. Hines, and the

rule absolute impounding the money in the hands of Wm. H. Miller, the Clerk of the Superior Court of Houston county, and directing him to invest it in the bonds of the State, until the further order of the Court was in the hand-writing of Richard K. Hines.

Plaintiff then proposed to prove by John Rutherford, that John B. Hines had represented to him, that they, the firm of R. K. & J. B. Hines, had a large conditional fee in said fund.

To which counsel for defendant objected. The Court sustained the objection, and plaintiff excepted.

Counsel for plaintiff asked the Court to charge the Jury, 1st. That if they believed the evidence, they must find for the plaintiff. 2d. That the plea of *non est factum* not having been filed to the receipt, the same is the instrument of the firm. 3d. That there being no evidence as to who signed the receipt, the law presumed it was done by both partners, and the Jury cannot supply the omission by their own personal knowledge ; (which charges the Court refused to give, but did charge "that it was incumbent on the plaintiff to prove that the receipt was signed by both partners".) 4th. That although the business, in this case, was outside the partnership, still, it was competent for the partners thus to undertake, and in the absence of proof, (as in this case,) that this business was executed by one only of the firm, the presumption of law was, that it was undertaken by both partners. The Court refused to give this charge, but did charge, that being outside of the partnership, the onus was upon the plaintiff to prove the concurrence of both". 5th. Counsel for complainant asked the Court to charge further, "that only one partner being sued, and he not denying the signature, the Jury would presume that the defendant sued was the one who signed the receipt". 6th. If the Jury believed, from the evidence, that the business out of which this fund of $1200 sprung, was a partnership business, then they had such an interest therein as would bind both partners upon the receipt.

Which charges the Court refused to give, but did charge,

that it was incumbent upon the plaintiff to show the assent of both partners to the execution of the receipt, the business being outside of the partnership.

To each and all of which charges and refusals to charge, counsel for defendant excepted.

B. HILL & HALL, for plaintiff in error.

POE, NISBET & POE, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

I deem it unnecessary to notice, in detail, all the specifications of error in the assignments.

[1.] Was it necessary for the defendant, under the Judiciary Act of 1799, to plead *non est factum* to the paper on which he was sued, in order to be let into his defence? He seeks to rid himself of the partnership liability attempted to be fixed upon him, upon the ground that the receipt or contract of bailment, for such is the legal import of the instrument sued on, was given by the other member of the firm, and outside of their professional business as attorneys at law.

Now, the plea of *non est factum* goes to the *factum* only, of the execution of the paper. And had it been put in, all that would have been required of the plaintiff was, to prove the hand-writing of the firm signature to be genuine, no matter by which member it was put there. And this the defendant does not deny. The rights of the parties would have stood just as they now do—nothing would have been determined.

[2.] But let us test this point by what we understand to be the law of this case. *Prima facie*, the execution of a bill or note in the name of a firm, by one partner, binds the whole, and the burden of proving a presumptive want of authority, lies upon the partners.

[3.] But where the paper of a firm is given out of the partnership business, by one member, it is presumptive evidence of want of authority to bind the other members of the firm, and

if the person taking it, knows the fact at the time, he is chargable with notice of want of authority.

[4.] Sometimes the nature of the contract is intrinsically notice, as was said by Lord *Ellenborough*, in *Green vs. Deakin and others*, (2 *Starkie*, 347.)

Suppose, by way of illustration, that a note had been given by Mr. R. K. Hines, in his life-time, in the name of the firm to the Messrs. Johnsons, of Philadelphia, for law books; here, the firm would not only be *prima facie*, liable, but absolutely bound, unless notice was brought home affirmatively to the holder, that the books were not intended for the firm. But suppose R. K. Hines, the professional partner of J. B. Hines, at Macon, belonged to another law-firm, located at Albany, and he were to sign the firm name of R. K. & J. B. Hines, to a note for law books for the partners at Albany, of which J. B. Hines was not a member; here the paper would carry on its very face, presumptive evidence of want of authority in R. K. Hines, to bind the firm of R. K. & J. B. Hines. And to charge the latter firm, evidence must be adduced, not from the face of the contract, but from facts and considerations, independently of it.

The paper then, which is the basis of this proceeding, not making a *prima facie* case of liability against John B. Hines, and in order to charge him, some other proof must be offered outside of the receipt—wherefore the necessity of filing the plea of *non est factum* for his protection?

We concur with the Circuit Court in holding, that presumptively, John B. Hines was not liable on this instrument, and that the burden of proof lying on the plaintiff to make him responsible, the plea of *non est factum* was not necessary.—Nevertheless, we think he may be made liable by outside proof.

[5.] The record shows that the professional firm of R. K. & J. B. Hines, represented one of the executions in Houston Superior Court, upon which this money was impounded in the hands of the Clerk, to wit: the *fi. fa.* of Leroy M. Wiley & Co. At their instance, this fund was directed to be deposited

with the Clerk of the Court, to be, by him, invested in State bonds until it was finally disposed of under the judgment of the Court.    They were both at Court, participating in the proceedings which were had in relation to it.    The rule *nisi* against the Sheriff to turn over this money to the Clerk, was in the hand-writing of one of the members of the firm, and the rule absolute in the hand-writing of the other.    How natural it was that the Clerk should consider them as acting as partners in its transmission to the of City Macon, for the purpose of being lodged temporarily in one of the banks there, until the investment could be made.

Mr. John Rutherford was offered to prove that John B. Hines, the defendant, acknowledged to him that the firm had a large conditional fee, depending upon the final adjudication of the Court, respecting the fund.    His evidence was rejected.    We think it should have been admitted; and from this and other testimony, the assent of John B. Hines may be inferred to the transaction, and it brought, from the private and professional interest of the firm in the safe-keeping and investment of the fund, within the scope of their legal partnership.

Judgment reversed.