## HASKINS *v.* THRONE, FRANKLIN & ADAMS.

1. A charge directing a verdict in favor of either party to the case on trial is a proper subject-matter for a direct bill of exceptions, without first moving for a new trial.

2. Where the making of promissory notes is within the scope of the business of a partnership, and a member of the partnership in its name executes a negotiable promissory note and delivers it to the payee therein named, an innocent purchaser from the latter who bona fide and for value acquires title to the note before its maturity can enforce its collection from the partnership, although in point of fact such note was not given for any debt due by the partnership, the purchaser taking without notice of the truth in this respect.

3. Whether the 7th section of the practice act of December 16, 1895 (Acts 1895, pp. 45, 46), is or is not applicable to cases pending at the time when this act was passed, that section does not affect or modify the authority of the trial judge in cases where there has been "negligence in respect to the matter of amendment" to compel the party offering to amend "to pay his adversary the costs of the proceeding for which he moves." In the present case there was no abuse of discretion in requiring the payment of such costs as a condition precedent to the allowance of the amendment offered by the defendant.

4. In view of the evidence, there was no error in directing a verdict for the plaintiff.

Argued April 15, — Decided May 7, 1897.

Complaint on notes.   Before Judge Janes.   Polk superior court.   February term, 1896.

*J. A. Blance* and *Simmons & Corrigan,* for plaintiff in error.
*McHenry, Nunnally & Neel,* contra.

Cobb, J.   Throne, Franklin & Adams brought suit against Ellis Davis & Company, a mining partnership, composed of Ellis Davis and C. R. Haskins, upon two promissory notes signed in the firm name, and payable to Jones & Whitehead or bearer.   Plaintiffs alleged that they were holders for value before maturity, without notice of any defect or defense.   The defendant Haskins pleaded, that he was a member of the defend-

ant firm, which was a partnership engaged in the business of quarrying and selling slate; that Davis, the other member of the firm, under the partnership contract, had no authority to give any note, except in connection with partnership transactions; that the notes sued on were given without his authority to Jones & Whitehead purely for their accommodation and with knowledge on their part that he had instructed Davis that no note of any description was ever to be given by Ellis Davis & Company without his express consent; that the firm of Ellis Davis & Company was not indebted to Jones & Whitehead in any sum, and the notes were without consideration and void; that while plaintiffs may have acquired them before maturity, they knew that the firm was a mining and not a commercial firm, and that therefore they were put on notice that the other member of the firm was not bound by the notes, and that they "had sufficient notice to put them on inquiry as to the true condition and binding force of the notes." There was no evidence whatever that the plaintiffs had any knowledge of the alleged defect in the notes sued on. So far as appears, they were innocent purchasers before maturity of the papers. The court directed a verdict for the plaintiffs for the amount of the notes sued on, and to this defendant Haskins excepted.

1, 3. The questions of practice ruled on in the first and third headnotes require no further discussion. *Harris* v. *McArthur*, 90 *Ga.* 216, 219; *Renew* v. *Redding*, 56 Ib. 311.

2, 4. At common law a member of a trading or commercial partnership had implied authority to use the firm name in making, drawing, or accepting negotiable instruments, but such was not the case with a non-commercial partnership. In this State the rule is that a member of a non-commercial or non-mercantile partnership may bind the other members of the firm by negotiable papers signed in the firm name. Civil Code, § 2643; *Selman* v. *Brown*, 78 *Ga.* 332. It necessarily follows that making, drawing, and accepting negotiable instruments is legitimately within the scope of a partnership whether mercantile or non-mercantile in its character. It is therefore unnecessary to be decided whether a mining partnership of the character described in the record is a mercantile or a non-mer-

cantile partnership. If a mercantile partnership, the giving of promissory notes would be within the scope of the partnership according to the rules of the common law, which are of force in this State; if it is non-mercantile in its character, under the code the giving of promissory notes would be within the scope of the partnership. This being true, a promissory note signed by a member of a firm in the partnership name and delivered to his individual creditor in payment of his debt, would not be binding upon the other partner in the hands of the original holder, who had notice of the want of authority in the partner to give the note; but such note would be valid and collectible in the hands of an innocent purchaser, who took before due, for value, and without notice of the unauthorized act of the partner giving the note. *Freeman* v. *Ross*, 15 *Ga.* 253.

Applying the principles above laid down to the facts of this case, the court committed no error in directing a verdict for the plaintiffs for the amount of the notes sued on. According to the record, the plaintiffs were innocent purchasers before due, without notice of any defect in or defense to the notes, and were entitled to collect the same, notwithstanding the fact that one partner had violated the partnership agreement and used the partnership note in payment of his individual indebtedness.

*Judgment affirmed. All the Justices concurring.*