## DAVIS & CO. *v.* HOWELL COTTON CO.

Save only as to the defense of non est factum, this case is controlled by the decision this day rendered in the case of *Haskins* v. *Throne, Franklin & Adams.* The charge of the court relating to this particular defense was substantially correct, and there was sufficient evidence to warrant a finding that the note sued on was duly issued and put in circulation under the partnership name.

Submitted April 15, — Decided May 7, 1897.

Complaint on note. Before Judge Janes. Polk superior court. February term, 1896.

*Simmons & Corrigan, W. K. Fielder* and *J. A. Blance,* for plaintiffs in error.

*Ennis & Starling* and *Sanders & Davis,* contra.

COBB, J. The Howell Cotton Company sued Ellis Davis and C. R. Haskins as individuals, and the firm of Ellis Davis & Company of which it was alleged these individuals were members, on a promissory note signed by Ellis Davis & Company and payable to Jones & Whitehead or bearer. Davis pleaded, that neither he nor Haskins was indebted to the plaintiff; that while he may have signed the note sued on in his own name, he did not sign the name of Ellis Davis & Company; that it was an individual transaction between himself and Jones & Whitehead; he had no authority to sign the firm name; and that plaintiff was not a bona fide holder or owner. Haskins pleaded, that the note was given without his authority and without his knowledge or consent, in violation of the partnership contract, and for matters outside of the legitimate scope of the partnership business; and that plaintiff received the note as collateral security for a pre-existing debt which it held against Jones & Whitehead, and after the note became due, and was not an innocent holder.

Error is assigned on the following charge of the court: "There are several pleas filed, but there is only one question for you to determine in this case, one single question. Everything else is eliminated from the case. I want the jury to understand that clearly. There is but one question for you to determine, and that will determine your verdict; and that is: did Ellis Davis sign Ellis Davis & Company to this note; or did he deliver the note to Jones & Whitehead with the name of the firm signed to it? If Ellis Davis signed the note or if he delivered it to Jones & Whitehead signed in this way, then the firm would be bound by it in the hands of innocent purchasers, no matter what the circumstances were; that is, the firm could not go behind the note in the hands of an innocent purchaser. But if Davis signed Ellis Davis & Company, or if somebody else signed it and he delivered it to Jones & Whitehead, it does not matter whether he signed it or not, if he delivered it to Whitehead, or authorized any one else to sign it, no matter who signed it, if he gave it to Whitehead signed Ellis Davis & Company, or to Jones & Whitehead, and they turned it over to these various parties before it was due (and the presumption is that way),

then it would be a good note in the hands of innocent purchasers, and not subject to any defense by the defendants in this case, or either of them."

The evidence was conflicting on the issue submitted, and the jury found a verdict in favor of the plaintiffs.

We see no error in the charge complained of; and as there was sufficient evidence to warrant the jury in finding that the note was duly signed and put in circulation in the partnership name, there was no error in refusing to grant a new trial in the case.

As to the liability of the defendant Haskins on the note sued on, the decision in this case is controlled by the decision in the case of *Haskins* v. *Throne, Franklin & Adams*, this day rendered.

*Judgment affirmed.    All the Justices concurring.*