## STANDARD WAGON CO. OF GEORGIA *v.* FEW & CO.

1. A partnership is not liable on a note given by one of the partners for the purchase of goods bought and used for his own private benefit, when such note is still in the hands of the vendor and the purchase of such goods was not authorized or ratified by the other partners and was an act neither ac-

tually nor apparently within the scope or ordinary course of the partnership business.

2. One dealing with a partnership is chargeable with notice of the character·of the partnership business as conducted ; and if a person take from one of the partners a note signed by him in the firm name as payment for goods supplied such partner, the payee is bound to know whether the transaction is within the apparent scope of such business.

3. It follows that where a suit against a partnership on a promissory note signed by one of the partners is defended by the copartners on the ground ·that the note was given for the purchase of goods for their partner's own private use and was not the act of the partnership, and on the trial there is evidence that the partner signing the note gave it for the purchase of goods for his own use which were not used for the benefit of the firm, and that the transaction was not within the real or apparent scope of the partnership business and was not authorized or ratified by the other partners, it was error to charge that the payee could recover if he had no notice that the act was beyond the scope of the business, could not have known it by the use of ordinary care, and honestly believed he was dealing with the firm in a partnership transaction.

Submitted November 26, — Decided December 14, 1903.

Complaint.    Before Judge Lewis.    Morgan superior court. April 19, 1901.

*George & Anderson,* for plaintiff.    *E. W. Butler,* for defendants.

SIMMONS, C. J.    Suit was brought in a justice's court by the Standard Wagon Company of Georgia against Few & Company, a partnership, upon a promissory note.    On appeal to the superior court the jury returned a verdict for the plaintiff.    The trial judge granted a motion for a new trial.    Upon the second trial the jury again found for the plaintiff.    Upon motion this verdict was also set aside and a new trial granted.    To this judgment the plaintiff excepted.    From the record it appears that the note sued on was signed by one Jackson, a member of the defendant partnership, in the name of the firm.    The defendants, the other partners, in their answer admitted the signing of the note by Jackson in the name of the firm, but alleged that the note was given for the purchase of goods for Jackson's own private use, and was not the act of the partnership.    From the evidence it appeared that the note was given the plaintiff by Jackson for the purchase-price of a phaeton. The decided preponderance of the evidence, if indeed there was any to the contrary, showed that this phaeton was never used or handled by the partnership, and that the partnership received no benefit therefrom.    It was shown that the partnership was a

trading concern doing a general mercantile business and dealing in general supplies, mowing machines, hay-rakes, and harvesters. Neither before nor after the time of the purchase of this phaeton did the partnership deal in any vehicles of any kind. Jackson was the managing partner. The partnership agreements did not contemplate a dealing in vehicles, the defendants did not hold themselves out as dealers in vehicles, and the partnership books did not contain any entry of this transaction. The defendants did not know of the purchase of the phaeton or the giving of the note therefor, and did not authorize or ratify the same. The motion for new trial contained a number of grounds, but the judge granted the new trial upon two of them only. One of these it is unnecessary here to mention. The other was that the court had erred in charging the jury as follows : " If the signing of the note was done by a member of the firm, and the plaintiff had no notice that the act was not within the legitimate business of the firm and could not have known it by the exercise of ordinary care, and plaintiff honestly believed it was dealing with the firm in a partnership transaction, the defendants would be liable in this case." If there was any error in this charge, then the trial judge did not err in granting a new trial.

Partners have, of course, the right to bind each other by contracts made with third persons who have no notice of any special restrictions of the partnership powers, provided the transaction is within the general scope of the partnership business. Nor is the copartner relieved from liability on a contract made by his partner because of a limitation in the partnership agreements, unknown to the other party, when the act or transaction is within the apparent scope of the business. If persons hold themselves out as general partners, each is bound by the transactions of the other within the real or apparent scope of the business in which they are engaged or within the scope of other like enterprises in the same community. In order to bind one by the acts of another, however, some real or apparent authority must appear. " The liability of one partner for acts and contracts done and made by his copartners, without his actual knowledge or assent, is a question of agency. If the authority is denied by the actual agreement between the partners, with notice to the party who claims under it, there is no partnership obligation. If the contract of

partnership is silent, or the party with whom the dealing has taken place has no notice of its limitations, the authority for each transaction may be implied from the nature of the business according to the usual and ordinary course in which it is carried on by those engaged in it in the locality which is its seat, or as reasonably necessary or fit for its successful prosecution. If it can not be found in that, it may still be inferred from the actual, though exceptional, course and conduct of the business of the partnership itself as personally carried on with the knowledge, actual or presumed, of the partner sought to be charged." Irwin v. Williar, 110 U. S. 505. "When the business of a partnership is defined, known, or declared, and the company do not appear to the world in any other light than the one exhibited, one of the partners can not make a valid partnership engagement except on partnership account. There must be at least some evidence of previous authority beyond the mere circumstance of partnership, to make such a contract binding. If the public have the usual means of knowledge given them, and no acts have been done or suffered by the partnership to mislead them, every man is presumed to know the extent of the partnership with whose members he deals; and when a person takes a partnership engagement, without the consent or authority of the firm, for a matter that has no reference to the business of the firm and is not within the scope of its authority or its regular course of dealing, he is in judgment of law guilty of a fraud."    3 Kent's Com. (14th ed.) * 43; Venable v. Levick, 2 Head (Tenn.), 351; Dickinson v. Valpy, 10 B. & C. 128, 21 Eng. Com. Law, 63.

"If a partner does an act for a purpose apparently not connected with the firm's ordinary course of business, he is not acting in pursuance of any apparent authority, and the firm will not be bound unless the partner in fact had authority. If, for instance, a partner pledges the credit of the firm for a purpose apparently not connected with its ordinary course of business, e. g. for the purpose, to the knowledge of the creditor, of paying his private debts (Leverson v. Lane, 1862, 13 C. B. N. S. 278; In re Riches, 1864, 4 De G., J. & S. 581; Snaith v. Burridge, 1812, 4 Taunt. 684), the firm is not bound unless he is in fact specially authorized by the other partners (Part. Act, 1890, s. 7). The onus of proving such authority is on the creditor, and it is not sufficient for him to prove that he honestly believed there was such author-

ity (Ibid., and Kendal *v.* Wood, 1871, L. R. 6 Ex. 243), unless the other partners are by their conduct estopped from denying the authority (Ibid.). "    9 Enc. Laws of Eng. 461.    The creditor can not shield himself behind his ignorance of the authority of the partner with whom he deals, even though he may have exercised ordinary care to ascertain it.    He must, in order to bind the partnership, either show express authority or facts from which the law will imply authority.    If he can not show either, he can not hold the partnership.    He must at his peril, in dealing with a single partner, ascertain the actual or apparent authority of such partner. In other words, when he deals with a member of a partnership in a matter as to which such member has no express authority, he is chargeable with notice of the apparent character and scope of the partnership business.    It was therefore error to charge that the test of liability of the partnership was the honest and reasonable belief of the plaintiff.    As was said by Lush, J., in Kendal *v.* Wood, L. R. 6 Ex. 254, " The mistaken belief that the one partner had that authority can not prejudice the right of the other, if the other did nothing to induce such a belief."

We express no opinion as to the evidence in this case or as to what the verdict of the jury should be.    The trial judge granted a new trial because he thought that the case had been submitted to the jury under incorrect instructions.    We agree with him in this view, and therefore affirm his judgment granting a new trial.

*Judgment affirmed.    All the Justices concur.*