### 1806.  GRIFFIN *et al. v.* COLONIAL BANK.

1. Prima facie, the execution of a negotiable note in the name of the partnership by one partner is within the scope of the partnership business, and binds the firm and individual members thereof.

2. A plea of non est factum, interposed to a suit on a negotiable note executed in the name of a firm, must specifically deny that the note was in fact executed by a member of the firm, or, if executed by a member of the firm, the plea must aver sufficient facts to show that the member who did execute the note in the name of the firm was not in law authorized to do so.

Complaint; from city court of Atlanta—Judge Reid.    January 18, 1909.

Argued May 20,—Decided December 10, 1909.

*Smith, Hammond & Smith,* for plaintiffs in error.

*Slaton & Phillips,* contra.

HILL, C. J.    The Colonial Bank brought suit on a promissory note under seal, against the Griffin-Plowden Company, a partnership composed of W. W. Griffin and R. E. Plowden.    The note was signed "Griffin-Plowden Company, R. E. Plowden," and the suit was by an innocent holder before maturity.    W. W. Griffin, individually and for the firm of Griffin-Plowden Company, filed a plea which, according to an abridged statement of his counsel in their brief submitted to this court, set up two defenses: (1) that "the note sued on was an accommodation paper of the firm unauthorized by Griffin, and, if binding at all, it could bind only the assets of the firm;" and (2) non est factum.    The court, on demurrer, struck the plea, and the plaintiff took a verdict and judgment for the full balance due on the note, with interest and attorney's fees, against the copartnership, Griffin-Plowden Co., and against W. W. Griffin and R. E. Plowden individually.    The writ of error challenges the correctness of the judgment sustaining the demurrer and striking the plea.

1.    If the note sued on was a binding obligation of the firm, a judgment thereon would bind not only the assets of the firm, but the assets of each individual member who was served.    Civil Code, §2638.    It was not necessary to the validity of the note that its execution should have been authorized by Griffin as one of the members of the copartnership.    Plowden, as the other member of the firm, by reason of the relationship, had implied authority to bind not only himself, but also his copartner, Griffin, and the firm.    In this State the rule is that one member of a copartnership may bind the firm and the other members thereof by a negotiable paper signed in the firm name.    Civil Code, §§2643, 2651; *Haskins* v. *Throne,* 101 *Ga.* 126 (28 S. E. 611).    Prima facie, the execution of a bill or note in the name of the firm by one partner binds the whole, as, presumptively, the making of such instrument by one partner is within the scope of the partnership business.    And even if it be without the scope of the partnership business, an innocent holder before maturity would be protected.    *Miller* v. *Hines,* 15

*Ga.* 200 (3). Unquestionably, therefore, it follows that the first part of the plea does not set up any defense against the note. The case of *First National Bank* v. *Cody, 93 Ga.* 128 (19 S. E. 831), relied upon by counsel for plaintiffs in error, is entirely different on the facts from the case now under consideration. In the *Cody* case the partnership was dissolved by the death of one of its members, and the Supreme Court held, that "the acceptance by a creditor of a renewal note executed in the firm name by one of the survivors, and extending the time of payment fixed by the note renewed, discharges the individual liability of all the partners, except the one who executes the renewal note, but does not discharge the partnership assets." In the present case the note was executed in the name of the firm by one of the members thereof while the partnership was in life. The explicit language of the code is: "All the partners are bound by the acts of any one, within the legitimate business of the partnership, until dissolution," etc. Civil Code, §2651.

2. The plea relied upon as a plea of non est factum is in the following language: "This defendant says that the note sued on in this case, and copied in 'Exhibit A' to the petition of the plaintiff therein, was not, on November 24, 1907, or at any other date, executed and delivered by this defendant, nor by any other person by him so authorized to do, and the same is not his act or deed; that said note was not executed by said firm nor by any member thereof thereto authorized, nor by any other person so authorized to do, directly or indirectly, expressly or impliedly; that neither this defendant nor said firm ever, in any manner, at any time, received any of the proceeds of said note, or any consideration whatever therefor, and the subscription of said firm name to said note was the individual act of the person so signing said firm name, for which neither said Griffin nor said firm was, or is, in any manner responsible." And another part of the plea is as follows: "This defendant says that the partnership agreement as above set forth did not authorize the said R. E. Plowden, during the time he was in copartnership with this defendant, to execute promissory notes in the name and behalf of said firm for any purpose whatever, except in the case of renewals of paper at the banks at which the firm had accounts; certainly not for the purpose of pure accommodation; that if said Plowden executed the note sued on in this case, of

which this defendant has no personal knowledge, it was his individual act and deed, and not the act and deed of the partnership." This plea is somewhat evasive in character and certainly does not amount to a good plea of non est factum. While the plea does not expressly admit that the firm name was signed by R. E. Plowden, who was a member of the firm at the time the note was executed in its name, yet it does not deny the fact. To make it a good plea of non est factum it should specifically aver that the note was not signed by Griffin or Plowden, or by any one having authority under the law to sign the note. Of course, any stipulations among the partners limiting the authority of each other would not be binding upon third persons without actual notice. Civil Code, § 2650. It is admitted by the plea that the partnership was composed of W. W. Griffin and R. E. Plowden, for this is an allegation of the petition which the plea does not deny; and, considering the plea as a whole, it manifestly appears therefrom that R. E. Plowden, as a member of the firm, did in fact execute the note in the name of the firm. The court did not err in striking the plea on demurrer; and there being no valid defense interposed to the note, and the plea admitting that the statutory notice as to attorney's fees had been duly served, the verdict was properly rendered in behalf of the plaintiff for the principal, interest, attorney's fees, and costs.

*Judgment affirmed.*