### 7105.  ROBERTS v. CURRY GROCERY CO.

WADE, J.  1.  The business was conducted in the name of "Oscar Roberts & Co.," not only without objection from Oscar Roberts, but with his full knowledge and consent; credit was asked for and obtained from the plaintiff in the name of the firm, on the faith of the membership of Oscar Roberts in the firm, and the evidence authorized the inference that he connived at the use of his name for this purpose.  "An ostensible partner is one whose name appears to the world as such, and he is bound, though he have no interest in the firm."  Civil Code, § 3157.

2.  "Prima facie, the execution of a negotiable note in the name of the partnership is within the scope of the partnership business, and binds the firm and individual members thereof."  *Griffin* v. *Colonial Bank*, 7 *Ga. App.* 126 (66 S. E. 382).  See also *Haskins* v. *Throne*, 101 *Ga.* 126 (28 S. E. 611).  It appears, from the evidence adduced at the trial, that Lizzie Roberts, one of the partners, actually signed in the firm name the note sued upon, after the firm name of "Roberts & Co." had been affixed thereto by one W. J. Johnson, who signed as agent.

3.  The special assignments of error as to the admission of evidence, and as to excerpts from the charge of the court, are without substantial merit, the evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.   Judgment affirmed.
DECIDED MAY 1, 1916.

Complaint; from city court of Valdosta—Judge Cranford.  October 29, 1915.

*Whitaker & Dukes*, for plaintiff in error.

*E. K. Wilcox, Woodward & Smith*, contra.