## 13240. SAYWELL v. NISBET.

LUKE, J.  " Where the making of promissory notes is within the scope of the business of a partnership, and a member of the partnership in its name executes a negotiable promissory note and delivers it to the payee therein named, an innocent purchaser from the latter, who bona fide and for value acquires title to the note before its maturity, can enforce its collection from the partnership, although in point of fact such note was not given for any debt due by the partnership, the purchaser taking without notice of the truth in this respect." *Haskins* v. *Throne*, 101 *Ga.* 126 (2) (28 S. E. 611).

(a) This case arose by reason of a suit upon a promissory note executed in the name of a partnership. The defendant in error pleaded non est factum. The undisputed evidence showed that the note was executed by one of the partners, who had authority to execute notes for the partnership. It is true that the evidence showed that the note was not executed for the benefit of the partnership, and that the money obtained on the note was not used for partnership purposes. The evidence, however, is undisputed, that the holder of the note was an innocent purchaser, for value and before maturity, and had no notice that the note was not used for partnership purposes.

(b) A verdict in this case was demanded for the plaintiff, and the finding for the defendant was contrary to law and the evidence. For this reason, it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 9, 1922.

Complaint; from DeKalb superior court — Judge Hutcheson. December 7, 1921.

*Mitchell & Mitchell,* for plaintiff.

*E. F. Childress,* for defendant.