## 18165.  LEIDY v. GOULD *et al.*

BELL, J. 1. Where one allows the continued use of his name as partner after retiring from a particular business, and thereby induces another to deal with the business as a partnership, such ostensible partner will be estopped to deny the partnership relation as to acts within the ordinary scope of such business. Civil Code (1910), § 3157; *Barnett Line* v. *Blackmar,* 53 *Ga.* 98; *Sankey* v. *Columbus Iron Works,* 44 *Ga.* 228 (2); 30 Cyc. 390. But, in order to hold the ostensible partner liable, the contract must be in relation to and in the scope of that particular business or adventure which the retiring partner knowingly allowed. Civil Code (1910), §§ 3180, 3182; *Sargent* v. *Henderson,* 79 *Ga.* 268 (5 S. E. 122).

2. Where one permits the use of his name as a partner in an insurance business only, and this business, without the knowledge or consent of the ostensible partner, is enlarged into a real estate business, a person dealing with another of the partners in a matter pertaining to the latter business can not hold the ostensible partner liable without showing that he consented to, acquiesced in, or ratified the transaction. In the instant case it appears from the evidence that G. and T. were associated as partners in conducting an insurance agency in the City of Macon, and that nothing else was contemplated. G., in 1922, changed his residence to another State, but permitted T. to continue the business under the name of the partnership. Later T. moved the office to a new location, took out a license to engage in the real-estate business, and operated the same, all in the name of the firm, which name he advertised at the new office as being engaged in such business. G., being at the time located in another State and having no knowledge of such enlargement of the business by T., and not having subsequently ratified the same, was not liable in a suit against the

Evidence, 22 C. J. p. 308, n. 76; p. 316, n. 46, 50.
Partnership, 30 Cyc. p. 391, n. 82, 83; p. 392, n. 84; p. 393, n. 87, 90; p. 406, n. 74; p. 409, n. 91; p. 570, n. 72; p. 591, n. 21.
Trial, 38 Cyc. p. 1556, n. 9.

firm on a contract made between the plaintiff and T. alone, having no reference to the insurance business but falling solely within the real-estate business. *Sibley* v. *American Exchange Bank*, 97 *Ga.* 126 (25 S. E. 470); *Sargent* v. *Henderson*, supra; *Hollister* v. *Bluthenthal*, 9 *Ga. App.* 176 (7) (70 S. E. 970).

3. "The sayings of one who admitted himself to be a partner were not admissible to prove that another, who denied being a partner, was in fact such." *Ford* v. *Kennedy*, 64 *Ga.* 537; *Shaw* v. *Jones*, 133 *Ga.* 446 (4) (66 S. E. 240). So the trial court correctly excluded from evidence letters written by T. for the purpose of showing that the partnership between him and G. embraced the real-estate business. Declarations of a partner are no more competent to show the extent of a partnership than to show the existence of a partnership. *Thompson* v. *Mallory*, 108 *Ga.* 797 (2) (33 S. E. 986). This rule is applicable even though the declarations were in a letter from the declarant to the partner whom it is sought to hold, where the letter was written long after the occurrence of the transaction in controversy and the circumstances disclosed no duty upon the addressee to repudiate or deny the statements so made against him.

4. The partner whom the plaintiff sought to hold liable in this case did not deny the existence of a partnership for a certain limited purpose. After the controversy arose with respect to his liability, he entered into a written agreement with the plaintiff for the rental of the house which was indirectly a part of the subject-matter of the dispute between them. This agreement appears upon its face to have been made for the purpose of saving one or the other of the parties from loss pending the adjustment of their differences. It was signed in the name of the partnership and stipulated that it was "entered into without prejudice to the rights of any of said parties, and the fact that said property has been rented, as aforesaid, and the proceeds applied as aforesaid, shall never be held or construed as an admission against the interest of any of said parties." *Held*, that the court did not err in excluding such agreement from evidence. Not only was it an agreement in the nature of a compromise, but it contained the solemn stipulation that the instrument should not be construed as an admission against either of them, and no reason appears why such agreement should not be enforced.

5. Applying the above principles, the evidence introduced, together with that which was offered but which the court rejected, would have failed to establish any right of recovery in the plaintiff, either against the partnership or against that partner who did not participate in the transaction in question. The case was properly nonsuited not only as to this partner but also as to the partnership. Under any view of the facts, the transaction was beyond the ordinary scope of the insurance business, and the undertaking amounted to a mere personal undertaking on the part of T., the acting partner. Though the defense was filed by G. in his individual capacity, the same rulings which substantiate his individual defense would show nonliability of the firm, and the court did not err in dismissing the case in toto, where the acting

partner was not personally served. *Peoples Bank* v. *Smith,* 114 *Ga.* 185 (39 S. E. 920).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 18, 1927.

Complaint; from Bibb superior court—Judge Malcolm D. Jones. April 11, 1927.

*R. D. Feagin, J. F. Urquhart,* for plaintiff in error.
*Martin, Martin & Snow,* contra.