### 25645. GIRTMAN v. TANNER-BRICE COMPANY.

DECIDED DECEMBER 1, 1936.

*Newton Gaskins,* for plaintiff in error. *Heath & Heath,* contra.

MACINTYRE, J. Tanner-Brice Company sued J. H. Girtman as surviving partner of the firm of Frier & Girtman, for the balance due on a promissory note. On motion the court struck the defendant's plea and answer, and directed a verdict for the plaintiff. Since the first question for determination is presented by a motion to dismiss the writ of error, wherein it is contended that there is no valid assignment of error in the bill of exceptions, it becomes necessary to ascertain precisely what the assignments of error are. After reciting that the petition was filed on September 14, 1935,

and that the case came on for trial on March 2, 1936, the bill of exceptions continues as follows: "That the plaintiff then and there moved the court to strike the answer of the defendant, for reasons set out in said motion. That the . . court sustained the plaintiff's motion, and struck the defendant's answer in its entirety. To this judgment the defendant excepted, and now excepts and assigns error, and says that same was contrary to law, and that the court erred in his action in striking the said answer. The plaintiff then offered in evidence the note sued on [set out in full]. Along with the tender of the note was tendered the notice of intention to sue and claim attorney's fees, as required by law. Be it further remembered, that, with no other evidence offered, the court then and there directed the jury to return a verdict in favor of the plaintiff and against the defendant, for the amount sued for. That to this ruling of the court and to the verdict thus returned the defendant excepted and assigned error, and now excepts and assigns error. That, after the return of the verdict as aforesaid, the court entered up a judgment in favor of the plaintiff and against the defendant for the amount sued for, to which judgment the defendant excepted and now excepts and assigns error. To each and all of such judgments, orders, and verdicts of the court herein complained of the defendant excepts and assigns error, because the same are contrary to law and without evidence to support them." The bill of exceptions recites that it was presented "within the time allowed by law," and the certificate of the court is dated March 19, 1936. The bill of exceptions specifies as material the petition, answer, motion to strike, the order sustaining said motion, the directed verdict, and the judgment thereon.

"'If exception be taken to a final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it which are complained of;' but if the ruling or decision complained of is one preceding the final judgment, and it is especially made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress of the case, a general exception to the final judgment and an exception to, and a specific assignment of error on the

684

antecedent ruling will suffice, with regard to the antecedent ruling, to give the reviewing court jurisdiction. *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (2, 3) (58 S. E. 1047); *Hennessee* v. *Jennings,* 48 *Ga.* 188 (172 S. E. 583)." *Carmichael* v. *Mobley,* 50 *Ga. App.* 574 (178 S. E. 418). We are satisfied that the assignment of error on the judgment sustaining the motion to dismiss and striking the answer is sufficient. In *Savannah Trust Co.* v. *National Bank of Savannah,* 16 *Ga. App.* 706, 718 (86 S. E. 49), the court directed a verdict in favor of the defendant, and the case came to this court by direct exception to the verdict. In the decision this court said: "In the present case there was no conflict in the evidence whatever, and the only issue presented for determination by the court below was altogether one of law. Hence an assignment of error which complains of the direction of a verdict by the court in favor of the defendant, and further complains that such direction was error, presents for our consideration a question of law, which may be determined by an examination of the evidence which the trial court adjudged demanded a verdict in behalf of the defendant." In the instant case it appears from the bill of exceptions that, with the plea and answer stricken, "there was no conflict in the evidence whatever, and the only issue presented for determination by the court below was altogether one of law." See *Manning* v. *Gettys,* 48 *Ga. App.* 203 (172 S. E. 571), and cit., on the subject of assignments of error. The material assignment of error is evidently the one to the judgment striking the defendant's answer; for, with his plea and answer stricken, the defendant was helpless. Upon the authorities cited, we deny the motion to dismiss the writ of error because of insufficient assignments of error.

By paragraph, the petition substantially avers: (1) J. H. Girtman is a resident of Jeff Davis County, Georgia. (2) On February 7, 1923 . . J. C. Frier and J. H. Girtman were partners doing business under the firm name of "Frier & Girtman." (3) Said firm "contracted with petitioner the indebtedness represented by the note hereinafter referred to." (4) Said firm executed and delivered said note to plaintiff on February 7, 1923. (5) "After the execution and delivery of said note, . . J. C. Frier . . died, the date of his death being unknown to petitioner, but well known to J. H. Girtman. The estate of J. C.

Frier is insolvent." (6) Said partnership and J. H. Girtman as surviving partner thereof are jointly and severally indebted to petitioner on said note for principal, interest, and ten per cent. attorney's fees. (7) A written notice of plaintiff's intention to claim attorney's fees was served on Girtman in compliance with the law. Attached to the petition as an exhibit is a copy of the note declared on, dated February 7, 1923, payable September 1, 1923, "to the order of Tanner-Brice Co.," for $964.10, principal, and for eight per cent. interest from date. It provides for the payment of ten per cent. attorney's fees. It is a sealed instrument, and is signed, "Frier & Girtman (Seal) by J. C. Frier (Seal)." On the back of the note is a credit of $17.32, dated March 21, 1923.

By paragraph, the defendant's plea and answer is substantially as follows: (1) Admits paragraphs 1 and 2 of the petition. (2) For lack of sufficient information, "can not admit or deny" paragraphs 3, 4, and 5 as pleaded, "but demands strict proof thereof." (3) Denies paragraph 6. (4) Admits paragraph 7. (5) For further plea, "says there was a firm composed of J. C. Frier and this defendant about the time mentioned in paragraph two of this petition, that engaged in the mercantile business at Denton, Georgia. That the business was managed by J. C. Frier, and that he had no special authority to execute any sealed note and bind this defendant personally thereby. That this defendant has never ratified any act of his in signing any sealed note by the firm name and binding this defendant as an individual thereby. That the note sued on, if in reality it was signed by the copartner of this defendant, J. C. Frier, would be barred by the statute of limitations at the time of the filing of the petition thereon in this case." (6) "That the entire assets of the copartnership was composed of stock of merchandise and notes and accounts. That the stock burned without insurance, the notes and accounts were of very small value to any one, and no part of the same was ever received by this defendant. That he had no part of the assets in his hands, nor has had, and that on this account . . the note, if signed by J. C. Frier for a partnership liability as alleged, was signed without any special authority from this defendant and was never ratified by him," and that the note is not a sealed instrument as to the defendant, and is barred by the statute of limita-

tions, "it having been more than six years past due when sued upon." The motion to strike avers (1) that "said plea, taken as a whole, sets up no defense." (2) That paragraphs 5 and 6 of said plea "fail to set up any defense to the note sued upon, . . in that the allegations therein are insufficient in law as a plea of non est factum, because it is not alleged that the firm name of the partnership of Frier & Girtman was not actually signed to the note by the partner, J. C. Frier; and . . is insufficient in law as a plea setting up a bar of said note on account of the statute of limitation, . . in that it is not alleged that said note . . is not under seal, and said note shows that it is under seal, or how or in what manner J. C. Frier . . was without authority to execute and deliver said note under seal; or what his authority under the partnership agreement actually was; or that Tanner-Brice Company had any notice of want of authority in J. C. Frier as a partner to execute and deliver said note under seal, or notice of any restricted authority, agreement, or restrictions entered into among themselves; and because no copy of said partnership agreement is incorporated in said plea; and because the allegations in the said two paragraphs do not set out sufficient facts to constitute any valid defense to the note sued on, but on the contrary set out only conclusions, both of fact and of law."

Under the Code, §§ 75-202, 75-302, "one member of a commercial partnership can bind it by signing its name to a promissory note under seal in the course of the business of the partnership." *Swygert* v. *Bank of Haralson,* 13 *Ga. App.* 640 (2) (79 S. E. 759). In *Griffin* v. *Colonial Bank,* 7 *Ga. App.* 126 (66 S. E. 382), it was ruled: "1. Prima facie, the execution of a negotiable note in the name of the partnership by one partner is within the scope of the partnership business, and binds the firm and individual members thereof. 2. A plea of non est factum, interposed to a suit on a negotiable note executed in the name of a firm, must specifically deny that the note was in fact executed by a member of the firm, or, if executed by a member of the firm, the plea must aver sufficient facts to show that the member who did execute the note in the name of the firm was not in law authorized to do so." See also *Roberts* v. *Curry Grocery Co.,* 18 *Ga. App.* 53 (88 S. E. 796); *Cooke* v. *Faucett,* 35 *Ga. App.* 209 (2) (132 S. E. 268); *Wingate* v. *Atlanta National Bank,* 95 *Ga.* 1 (4)

(22 S. E. 37). The plea in the instant case admits the partnership, does not deny that a member of the partnership signed the partnership name to the note declared on, and does not set forth sufficient facts to negative the authority of the partner who signed the note to sign it in the partnership name. The note was a sealed instrument, and could be sued on at any time "within twenty years after the right of action . . accrued." Code, § 3-703. Under the authorities cited, the plea and answer did not set out any valid defense, and the court did not err in sustaining the motion to strike them. The plaintiff having made out its case by uncontradicted evidence, the direction of the verdict was proper.

*Judgment affirmed. Guerry, J., concurs.*

BROYLES, C. J. I concur in the judgment, but not in all the rulings made in the opinion.