32215. BRANDT *v.* ECKMAN.

Decided March 11, 1949. Rehearing denied March 31, 1949.

48

*Hewlett & Dennis, Charles Barton, F. H. Dendy, T. F. Bowden,* for plaintiff in error.

*Rex T. Reeves, George A. Haas, Haas & Hurt,* contra.

MacIntyre, P. J. 1. Special ground 11 of the motion for a new trial complains of the court's failure to grant the defendant's motion for a nonsuit. "The overruling of a motion for a nonsuit cannot be reviewed by motion for a new trial, but should be made the subject of direct exception." *Willis* v. *Seiberling Rubber Company,* 44 *Ga. App.* 468 (161 S. E. 789), and cit.

2. Special ground 13 complains of the admission of certain hearsay evidence. This ground does not set out the evidence complained of. It is, therefore, so incomplete as to present no question for consideration by this court. *Cathey* v. *State,* 28 *Ga. App.* 666 (4) (112 S. E. 915); *Clare* v. *Drexler,* 152 *Ga.* 419 (2) (110 S. E. 176).

3. Special ground 8 of the motion for a new trial was abandoned in the defendant's brief and need not be considered. Code, § 6-1308.

4. Special grounds 5, 6, and 12 complain of the court's failure to charge Code § 38-420, providing that all admissions should be scanned with care, and of the failure to charge that admissions of liability where none exists will not of itself create a legal liability. "There was no request to charge upon the subject of admissions, and the omission to allude to them in the

charge was not error in the absence of such request." *Hawkins* v. *Kermode,* 85 *Ga.* 116 (3) (11 S. E. 560); *Cox* v. *Norris,* 70 *Ga. App.* 580 (5) (28 S. E. 2d, 888).

5. Special ground 4 assigns error upon the failure to charge on the principles of partnership, and the failure to charge the jury that it was necessary in order for the plaintiff to recover, to prove that the defendant was a partner of E. G. Brandt in the business of dealing in used automobiles, since the partnership was denied under oath. On the subject of partnership the court charged: "Gentlemen, a partnership is defined in our law as follows: A joint interest in the partnership property, or joint interest in the profits and losses of the business, shall constitute a partnership as to third persons. A common interest in profits alone shall not. I charge that third persons acting with a partner in a matter not legitimately connected with the partnership shall have no right against the firm or any other member of the partnership. I charge you further that within the scope of the partnership business, each partner is bound by the acts of the other, but a partner is not bound by the act of his copartner beyond the scope of the partnership. One dealing with a partnership is chargeable with notice of the character of the partnership business as conducted." From this excerpt which we have just quoted it is obvious that the court charged upon the general principles of the law of partnership. If the defendant wished more detailed instructions upon some specific point, she should have submitted to the court a timely written request to charge. We are unable to determine from her assignment of error just what principle of the law of partnership she contends was omitted.

With reference to the court's failure to charge on the burden being upon the plaintiff to prove that the defendant was a partner in E. G. Brandt Company in the business of dealing in used automobiles, we hold that the purported plea of no partnership did not deny the existence of the partnership between the defendant and E. G. Brandt, but rather admitted that the deceased and the defendant were partners, composing E. G. Brandt Company. The plea in effect merely denied that the transaction involved in this case was within the scope of that partnership's business. While it may be true that the burden of proving that

the act was within the scope of the partnership business was on the plaintiff, nothing more appearing, the court had charged, "in this case, the burden is upon the plaintiff, Mr. Eckman, to prove to your satisfaction that he is entitled to recover by a legal preponderance of the evidence." Had the defendant wished this general principle of the burden of proof applied particularly to the point that the burden of proof was upon the plaintiff specifically to prove that the transaction involved was within the scope of the partnership's business, she should have submitted to the court her timely written request to charge. This ground does not show error for either of the reasons assigned.

6. Grounds 7, 9, and 10 contend that the court erred in failing to charge in detail that the burden was upon the plaintiff to prove that Mr. Brandt was acting as agent for the defendant and the partnership in the transaction involved; that, unless the defendant had ratified the acts of her deceased partner, she would not be liable; and that Mrs. Brandt would not be liable unless she had received the benefits of the transaction with full knowledge of all the facts. The court charged in part: "The question you have to determine in this case, gentlemen, is whether or not the automobile transaction under investigation was within the scope of this partnership that existed between this deceased man and his wife, the defendant in this case. If you find that the dealing in used automobiles was without the scope of the partnership that existed between the husband and wife, then the defendant would not be liable. If you find that it was within the scope of the partnership, then the act of her partner would be binding upon the partnership assets. In determining that issue, there are several things you can take into consideration: As to her knowledge or lack of knowledge of the existence of the trading in used cars, whether or not the check was drawn generally on the partnership bank account, and whether or not the profits arising from the sale of used cars were deposited in the joint firm assets, and whether or not the defendant derived any financial benefit from the transactions. If it was within the scope, if the purchase and sale of used cars was within the scope of this partnership that existed between these two people, then the defendant would be liable as a surviving party. If it was not within but beyond the scope of the partnership, and the

defendant has derived no benefit from it, and did not participate in it in any manner, then she would not be liable. That is the issue that you have to pass upon." We think that the charge as a whole fairly charged the law applicable to this case with reference to the questions of agency, and the necessity of the plaintiff's proving that Mr. Brandt acted within the scope of the partnership; and ratification and the necessity of the plaintiff's proving that the defendant had knowledge of all the facts if receipt of the benefits was to be considered ratification. These grounds are not meritorious.

7. Special ground 2 complains of the following portion of the charge to the jury: "I charge you that when the plaintiff produces a negotiable instrument signed in the partnership's name by one of the partners, that there arises a prima facie presumption that the check was given within the scope of the partnership business," upon the ground that the action was not upon the check, but upon an alleged contract for services rendered, and upon the further grounds that the court allowed the check to be introduced in evidence over objection of the defendant and there was no evidence of the execution of the check, and that the presumption referred to in the charge arises only when the instrument is the basis of the action.

Those portions of this assignment of error complaining of the introduction of the check over objection of the defendant and before proof of execution need not be considered, for if there was such an objection, it does not appear that the grounds of the objection were stated at the time of the introduction of the check, and we shall treat this ground of the motion for a new trial as being based solely upon the exception to the charge. This is an action on an alleged contract for service rendered in connection with the purchase and sale of used automobiles, which the defendant seeks to defeat by defending on the ground that the purchase and sale of automobiles was outside the scope of the partnership business, and by purported pleas of "no partnership" and "non est factum." The purported pleas, as pleas, serve no purpose. The plea of no partnership rather admits than denies the partnership between Mr. Brandt and the defendant Mrs. Brandt. The import of the plea is simply to deny that the transaction between the plaintiff and Mr. Brandt was

within the scope of the partnership business. The plea of non est factum rather admits than denies the execution of the check, and its import is simply that, if Mr. Brandt did execute the check, he had no authority to do so for a purpose outside the scope of the partnership business. Had this case been an action on the check by a holder in due course or a bona fide holder without notice, Mr. Brandt's *authority to execute and issue the check* would have been presumed. *Griffin* v. *Colonial Bank,* 7 *Ga. App.* 126 (66 S. E. 382) ; *Miller* v. *Hines,* 15 *Ga.* 197; *Roberts* v. *Curry Grocery Co.,* 18 *Ga. App.* 53 (88 S. E. 796) ; *Haskins* v. *Throne,* 101 *Ga.* 126 (28 S. E. 611) ; *Davis & Co.* v. *Howell Cotton Co.,* 101 *Ga.* 128 (28 S. E. 612). This is, however, an action on a contract, for services rendered in connection with the purchase and sale of used automobiles, against the surviving partner, who answers the suit with the contention that the partnership was not and had never been in the business of purchasing and selling automobiles and that, if Mr. Brandt made a contract with the plaintiff to secure used automobiles for him, the contract was outside the scope of the business. A partnership is not liable on a transaction by one of the partners outside of the scope of the partnership business; and where a partnership is engaged in one type of business and this business, without the knowledge and consent of one of the partners, is enlarged into another type business by another of the partners, a person dealing with the latter partner in a matter pertaining to the latter business can not hold the other partner liable (*Leidy* v. *Gould,* 37 *Ga. App.* 410, 140 S. E. 400), and this is but an application of Code, § 75-303, which provides: "Third persons acting with a partner in a matter not legitimately connected with the partnership shall have no right against the firm or any other member." And one dealing with a firm is chargeable with notice of the character of the firm business and with knowledge of whether or not the transaction is within the real or apparent scope of the partnership business. *Standard Wagon Co.* v. *D. P. Few & Company,* 119 Ga. 293 (46 S. E. 109). However, "if persons hold themselves out as general partners, each is bound by the transactions of the other within the real or apparent scope of the business in which they are engaged or within the scope of other like enterprises in the same community. In order to bind one by the

acts of another, however, some real or apparent authority must appear." *Id.*

As we have said, this is not an action on the check; and while it is true, in an action on a negotiable instrument, that prima facie, the *execution* of a negotiable note in the name of the partnership by one of the partners is within the scope of the partnership business and binds the firm and the individual members thereof, as, presumptively, the *making* of such instrument by one partner is within the scope of the partnership business (*Griffin* v. *Colonial Bank,* supra), this presumption, however, does not always arise in favor of every holder although it does always arise in favor of an innocent holder or holder in due course. This is true because such holder in due course has not dealt with the partnership and is not chargeable with knowledge of the scope of its business. This presumption grew out of the law of merchants as a rule of necessity or expediency in order to effectuate the negotiability of commercial paper. "This is, indeed, the great field of bona fide holders for value, the field in which the rights of such holders stand out conspicuously as the most favored in the law. It is here that the law merchant appears in its strongest colors and in its most striking contrast to the common law." Bigelow, *The Law of Bills, Notes, and Cheques,* p. 232. Such presumption may not be employed, however, to prove as between the parties in this case that, because Mr. Brandt gave a check in the partnership name signed by him, as payment for the services rendered by the plaintiff, this action of Mr. Brandt in giving the check was *presumptive proof* of Mr. Brandt's *authority to deal in the purchase and sale of used automobiles,* which the defendant contends was outside the scope of the partnership business. As between one dealing with a partner and the partner, *presumptive proof of his authority to execute a check* is not presumptive proof that he had authority to enter into the contract for which he gave the check as payment, and therein lies the fallacy of the court's charge. The plaintiff was not an innocent holder of the check or holder in due course. The action was not on the check, but was on the contract for services, and the plaintiff was chargeable with notice, under the well-known and established rules of the law of agency, of the scope of the partnership business. The court, therefore, erred

in so charging the jury, for such was the import of that portion of the charge complained of. Even if it be contended that the defendant by word or deed caused the plaintiff to think that Mr. Brandt had authority to enter into the contract for services, still the plaintiff cannot have the benefit of the presumption which the court gave him to prove Mr. Brandt's authority to make the agreement for services with the plaintiff.

8. In special ground 3, complaint is made of the following charge, "If you find for the plaintiff, you have got to compute interest from the date the check became due, which was due on date, up until the present time," upon the ground that the "suit was not a suit on the check but was a suit on a breach of a contract to pay a commission, and it was not mandatory on the jury to find interest." Under the facts of this case, the plaintiff was not harmed by this charge, as it appears from the evidence that Mr. Brandt gave the check on April 28, 1946, which was the same date on which the plaintiff delivered the car to Mr. Brandt under the alleged agreement between them, and it appears from the pleadings and the evidence that Mr. Brandt was to pay the plaintiff $643.30 for his services upon delivery of the automobile. Therefore, when the car was delivered on April 28, 1946, the amount agreed upon became due. It just so happens that the date of the check is also April 28, 1946, and the fact that the court referred to the date from which interest should be computed if the plaintiff recovered as the date of the check in no way harmed the defendant. "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them." Code, § 57-110. Thus, when the jury found that the plaintiff was entitled to recover, it was also required to find the amount of interest due from the time Brandt became liable. The amount of liability had been fixed and was certain under the terms of the alleged agreement.

9. While the court was inapt and inaccurate in its statement of the contentions of the parties, it is unnecessary to consider special ground 1, assigning error on this ground, as the case must go back for a new trial, and the alleged error is not likely to recur on another trial.

It is unnecessary at this time to consider the general grounds of the motion for a new trial.

The court erred in overruling the motion for a new trial for the reason stated in division 7 of this opinion.

*Judgment reversed. Gardner and Townsend, JJ., concur.*