## A97A0577. YOUNG v. HIGINGBOTHAM.
### (486 SE2d 382)

Judge Harold R. Banke.

Teresa Higingbotham appeals the judgment entered in favor of Curtis B. Higingbotham. On appeal, she enumerates three errors, challenging the determination of her liability under the principle of partnership by estoppel. OCGA § 14-8-16.

In early June 1994, Curtis B. Higingbotham obtained a 60-day loan, the proceeds of which he provided in the form of a cashier's check to Stan Higingbotham, his grandson. No promissory note or other written documentation of the loan was exchanged between them. In July 1994, in a purported effort to repay the loan, Stan Higingbotham wrote a check in the name of "Stan Higingbotham, D/B/A Higingbotham Construction." The check, however, had been written on a closed account and was returned due to insufficient funds. Shortly thereafter, in September 1994, before repaying his grandfather, Stan Higingbotham died in an automobile accident. Curtis B. Higingbotham then instituted the underlying legal action against Deanna S. Young, the administratrix of the Estate of Stan Higingbotham and Teresa Higingbotham, Stan's widow, to recover for the loan.

It is undisputed that Stan and Teresa Higingbotham married in 1989 and that Higingbotham Construction ("HC") was begun in 1990 and was operated from their home. The evidence conflicted as to whether HC was a partnership or sole proprietorship. Deanna Young, the administratrix and decedent's mother, who prepared her son's tax returns for 1990, 1991, and 1992 admitted the returns were not filed as a partnership but as a sole proprietorship, except possibly for tax year 1991.[1]

---

[1] No copies of federal income tax returns were offered into evidence.

Teresa Higingbotham vigorously denied being a partner in HC or having an active decision-making role in its operation. She testified that she obtained credit and credit cards in her name due to her husband's bad credit. It is undisputed that she and her husband had only one checking account, "Stan Higingbotham D/B/A Higingbotham Construction" from which they both paid personal bills and he paid most of the business bills. She testified she only wrote checks for HC when Stan expressly directed her to do so in his absence. HC's contractors testified without exception that Stan was in total control of HC and, in fact, excluded Teresa from having knowledge of the business.

Teresa Higingbotham testified that after December 1993, Stan had serious financial problems with his business and borrowed money from her, his mother, sister, and his grandfather.[2] According to her testimony, Stan had gambling and drug problems. She testified that shortly after Stan obtained the loan from his grandfather, he disappeared for two weeks with credit card receipts indicating he was in Mississippi and Louisiana. Gary Johnson, a friend of the decedent, confirmed that shortly after June 1994, he and Stan took a gambling trip to Biloxi, Mississippi. The day after Stan returned, Teresa moved out and subsequently filed for divorce on August 9. Teresa testified that when she filed for the divorce in August, she owed $38,000 to American Express and approximately $100,000 overall.

Although Curtis Higingbotham testified that it was his understanding that Stan intended to use the loan proceeds to complete the construction of some houses, he conceded that he had no personal knowledge of how Stan used the money and admitted that he never discussed the loan with Teresa Higingbotham. Teresa Higingbotham testified that she never saw any of the loan proceeds and that she had no personal knowledge as to whether or not the proceeds were infused into the business or were, in fact, used to complete houses.

After a bench trial, the trial court determined the estate and Teresa Higingbotham were jointly and severally liable to Curtis Higingbotham for the loan, plus interest.[3] The trial court found that Curtis Higingbotham provided the loan to Stan Higingbotham for business use in HC. The trial court then premised Teresa Higingbotham's liability on OCGA § 14-8-16 (a), concluding that she acted as a general partner in HC. The court determined that Teresa Higingbotham held herself out in a public manner as a partner in HC, acted in a manner consistent with her status as partner, and received benefits

---

[2] In fact, Stan's sister, Stephanie Patton, filed a materialman's lien in September 1994, on which she denoted herself as "partner in d/b/a Higingbotham Construction Company."

[3] The Estate of Stan Higingbotham did not enter an appeal.

consistent with those of a partner in HC. *Held*:

In three enumerations of error, Teresa Higingbotham contends that the trial court erred in applying the principle of partnership by estoppel. She claims that the record contains no evidence that at the time Curtis Higingbotham extended the loan to his grandson, he detrimentally relied on her representation that she was a general partner of HC or that, in the alternative, she made representations in a "public manner" holding herself out as a partner. OCGA § 14-8-16 (a).

Pretermitting consideration of whether Teresa Higingbotham was, in fact, a partner, is the question of whether the unsecured loan at issue was within the scope of partnership business. Even assuming for the sake of argument that Teresa Higingbotham was a partner of HC and was "jointly and severally liable for all debts, obligations, and liabilities of the partnership," the dispositive issue is whether the loan was a valid partnership debt of HC or a personal loan to Stan Higingbotham, individually. OCGA § 14-8-15 (a).

A partnership is not liable for a transaction of one partner outside the scope of partnership business. *Brandt v. Eckman*, 79 Ga. App. 47, 53 (7) (52 SE2d 665) (1949). "An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners in the partnership agreement, at the time of the transaction or at any other time." OCGA § 14-8-9 (2). Partners are bound by the acts of another partner *only within the legitimate scope of the business of the partnership.*" (Emphasis in original.) *Elliott v. Nat. Union Radio Corp.*, 68 Ga. App. 873, 875 (24 SE2d 705) (1943).

Curtis Higingbotham bore the burden of proving the debt was a valid obligation of the partnership and not his grandson's personal debt, falling outside the scope of partnership business. This he failed to do. See, e.g., *Borders v. Wright*, 141 Ga. App. 878, 880 (1) (234 SE2d 708) (1977).

The record contains no proof that the loan proceeds were infused into the business. No checking account records or business statements were offered as evidence as to how Stan Higingbotham expended the funds. Nothing more than speculation about the funds' disbursement supported Curtis Higingbotham's claim. In the absence of evidence that the loan proceeds went into HC, consideration of whether Teresa Higingbotham was a partner or held herself as a partner or was estopped from denying partnership liability is inappropriate. See OCGA § 14-8-16 (a); *Chambliss v. Hall*, 113 Ga. App. 96, 98-99 (2) (147 SE2d 334) (1966). Inasmuch as the record fails to show any evidence that the debt was a valid partnership obligation, the judgment must be reversed. Compare *Macon-Bibb County Indus. Auth. v. Central Ga. R. Co.*, 266 Ga. 281, 282 (1) (466 SE2d 855) (1996).

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED APRIL 10, 1997.

 Before Judge Culpepper.

*Hicks & Massey, William E. Hicks, Robert M. Gardner, Jr.*, for appellant.

*O'Neal, Brown &.Sizemore, James M. Wootan, Kenneth M. Brock,* for appellee.